Gulf, Colorado & Santa Fe Railway Company v. Isaac Looney.

No. 7197.

1. **Through Railway Ticket over Several Lines.**—Looney bought a railway ticket at Birmingham, Alabama, for passage to Cameron, Texas, on the several connecting lines between the points. The ticket was limited as to time, and the limit had expired from fault of one of the lines before he reached the line of the defendant. Passage was refused by conductor on defendant's train on the ticket because it had expired before it was presented. Suit for damages for the refusal, etc. The petition alleged that the ticket was a joint undertaking on the part of all the lines of railway between Birmingham and Cameron. *Held*, upon such allegations, that the defendant would be responsible for the default

of the connecting line causing the delay, at least to extent of honoring the ticket when presented.

**2. Joint Liability—Through Ticket Limited.**—A joint undertaking executed by one of the lines for itself and connecting lines to transport the ticket holder from Birmingham, Alabama, to Cameron, Texas, within limited time, would also apply to the time within which the journey should be commenced. The ticket holder having commenced the journey within the limit of the ticket, he would be entitled to be carried to his destination, notwithstanding the limit expired while on the continuous journey indicated by the ticket.

**3. Contract on its Face a Several Obligation.**—In the ticket issued to Looney from Birmingham to Cameron it is expressly stipulated that the selling carrier acts as the agent of the connecting carriers, and will not be responsible beyond its own line. In such case each coupon became the separate contract for the line for which issued; and the ticket does not imply a joint obligation resting upon each of the companies.

**4. Limiting Responsibility by Carrier to its Own Line.**—A carrier may limit its liability to its own line in carrying passengers and freight.

**5. Reasonable Limit of Time in Through Ticket.** — The limit of four days was shown to be reasonable between Birmingham and Cameron. The ticket holder was bound by it, as the journey could have been made in ordinary railway time within the limit. The ticket, therefore, so far as obligatory on the defendant, required it to carry the ticket holder upon it being presented within the limit. It was not liable for the delay of an intermediate line, whereby the ticket holder could not reach the line of the defendant in time to avail himself of his ticket.

**6. Liability for Delay on Limited Through Ticket.**—The line causing delay of a passenger upon a limited through ticket is liable to the passenger for damages resulting from such delay, upon a ticket such as held by Looney, the appellee.

APPEAL from Milam.    Tried below before Hon. JOHN N. HENDERSON.

*J. W. Terry* and *Alexander & Clark*, for appellant.—1. The sale of a through coupon ticket by one of a connecting line of carriers does not imply a joint contract on the part of said carriers with the purchaser, and it is lawful for one of a connecting line of carriers to stipulate in the contract of carriage for exemption from liability beyond its line, and thereby make the contract several, as evidenced by the coupons embraced in the ticket. A restrictive clause in a coupon ticket, limiting the time within which it may be used, and declaring the ticket void after the lapse of such time, is valid if reasonable, and plaintiff confesses it was reasonable in this case.   Thomp. on Pass. Carr., 433; 2 Wood's Ry. Law, 1418, et seq.; Hutch. on Carr., secs. 152, 577, 578; Mosher v. Railway, 127 U. S., 390; Sprague v. Smith, 29 Vt., 421; Ellsworth v. Tartt, 26 Ala., 733; Milnor v. Railway, 53 N. Y., 364; Kessler v. Railway, 61 N. Y., 538; Knight v. Railway, 56 Me., 240; Furstenheim v. Railway, 9 Heisk. (Tenn.), 238; Hartan v. Railway, 114 Mass., 44; Hood v. Railway, 22 Conn., 1; Poole v. Railway, 35 Hun (N. Y.), 29; Isaacson v. Railway,

94 N. Y., 278; Auerback v. Railway, 6 Am. and Eng. Ry. Cases, 334; Harris v. Howe, 74 Texas, 534; Railway v. Baird, 75 Texas, 263.

2. If defendant was liable for the defaults or negligence of its connecting carriers, and thereby became liable to carry plaintiff to Cameron, notwithstanding the period of limitation prescribed in the ticket had expired, it was the duty of the plaintiff, when notified by the conductor after leaving Temple that he would not recognize the expired ticket, to either have left the train at the station Heidenheimer, or else have paid the fare as demanded, and relied upon a recovery of same from defendant. It is contrary to law, good conscience, and public policy for a party to designedly speculate upon a breach of contract by another party, and by his own act augment such damages as are the reasonable result of the broken contract. From the nature of things, a ticket held by the passenger must be to the conductor the only evidence of the passenger's right to ride thereon. It would be impracticable and unreasonable to require a conductor of the train to enter into an investigation and determine whether a passenger is entitled to transportation, when the ticket offered appears invalid upon its face. Under such circumstances it is the duty of the passenger to pay fare, and rely upon his action to recover therefor. Railway v. Cole, 29 Ohio St., 120; Shelton v. Railway, 29 Ohio St., 214; Hall v. Railway, 9 Am. and Eng. Ry. Cases, 348; Haggerty v. Railway, 26 Am. and Eng. Ry. Cases, 196; Bradshaw v. Railway, 135 Mass., 407; Railway v. Pierce, 3 Am. and Eng. Ry. Cases, 340; Yorkton v. Railway, 6 Am. and Eng. Ry. Cases, 322; Townsend v. Railway, 56 N. Y., 295; Frederick v. Railway, 37 Mich., 342; Railway v. Griffin, 68 Ill., 499; Mosher v. Railway, 21 Am. and Eng. Ry. Cases, 283; Railway v. Marshall, 78 Mo., 610; Railway v. Connell, 112 Ill., 295; 3 Suth. on Dam., 255; Railway v. Cole, 27 Am. and Eng. Ry. Cases, 144; Breen v. Railway, 50 Texas, 47.

*Ford & Ford,* for appellee.—1. Where the lines of several railroads are connecting lines and are operated in conjunction with each other, and one of the roads for itself, and as agent for the others, contracts for the transportation of a passenger over the whole route, and issues a coupon ticket over said route in one instrument of writing, and baggage checks to such passenger, and on each of the lines on the route the ticket and baggage checks of each of the roads on the connecting lines are recognized by all the lines, then each road on the whole line is bound for the due performance of the contract on its line. Railway v. Hindsman, 1 W. & W. C. C., sec. 205; Railway v. Fort, 1 W. & W. C. C., sec. 1252; Railway v. Ferguson, 1 W. & W. C. C., sec. 2253; Railway v. Slater, 3 Willson C. C., sec. 7.

2. If it is specified in said contract that the ticket so issued is not good after a specified date, it is sufficient if the journey of the passenger is be-

gun before the expiration of the specified date; and if the journey is so begun before the specified date of expiration of the ticket, then it is the duty of the several lines of the route to execute the contract and carry the passenger over the entire route; and this is especially true if the passenger start upon his journey in time to reach his destination before the expiration of the ticket, and is delayed, without any fault of his, by one of the lines in the route. Lundy v. Railway, 66 Cal., 191; Auerbach v. Railway, 89 N. Y., 281; Evans v. Railway, 11 Mo. App., 463; Laws. Rights, Rem. and Prac., sec. 1888.

GARRETT, PRESIDING JUDGE, *Section B.*—This action was brought by Isaac Looney against the Gulf, Colorado & Santa Fe Railway Company to recover damages, because, as alleged, the defendant's conductor unlawfully ejected the plaintiff from defendant's cars while he was travelling thereon as a passenger.

The petition alleged, that on August 6, 1888, at Birmingham, Alabama, plaintiff purchased a limited ticket from the Louisville & Nashville Railway Company, which entitled plaintiff to transportation from said city of Birmingham, Alabama, to McGregor, Texas, and thence on the line of the defendant's railway to Cameron, Texas; that in issuing said ticket the Louisville & Nashville Railway Company acted for itself and as the agent of the defendant company; that the ticket was purchased August 6, 1888, and was limited to August 9; that plaintiff left Birmingham on the day the ticket was issued, in ample and sufficient time to have reached his home in Cameron before the limit expired; but while travelling with all possible dispatch, and while on the cars of one of the connecting lines of defendant, at Belden, Texas, he was unavoidably detained, without fault on his part, about eighteen or twenty hours, and did not reach the said town of McGregor until the morning of August 10; that plaintiff, on August 10, entered the first passenger cars of defendant bound for Cameron after his arrival at McGregor; that the defendant company recognized the validity of said ticket, but refused to carry plaintiff thereon, claiming it had expired, and compelled plaintiff to pay the sum of $1 to be carried to Temple, on defendant's line of road; that after passing Temple, defendant did, without any lawful cause, with force and violence, eject plaintiff from its cars, and turn him off at a place other than a usual stopping place, in the open prairie and hot sun, and declined to transport plaintiff further. Whereby, to plaintiff's great injury and mortification, he has been damaged, including lost time and additional price paid for ticket, in the sum of $2510, for which amount he prays judgment.

Defendant's answer embraced general and special exceptions, general denial, and a special plea, that at the time plaintiff first reached defendant's line of railway the time within which his limited excursion ticket

was to be used had expired, of which fact plaintiff was notified by defendant's conductor; that plaintiff, upon demand of the latter, paid his fare from McGregor to Temple, Texas, the last named point being the divisional terminus of defendant's line of railway, where a change of conductors was made; that after leaving Temple on the route to Cameron, defendant's second conductor demanded of plaintiff his fare or ticket from Temple to Cameron, and plaintiff refused to produce either; that plaintiff courted a forcible eviction of himself from defendant's train, as a basis for a damage suit against defendant.   Defendant says its conductor ejected plaintiff without force, solely because he utterly refused to pay his fare or produce a valid ticket.

Defendant's demurrers were overruled by the court, to which defendant excepted.

Trial before a jury resulted in a verdict and judgment for the sum of $434.

Appellant's first and second assignments of error are based upon the action of the court in overruling its several demurrers, that the facts alleged in the petition showed that " when plaintiff was ejected it was in consequence of his insisting upon riding upon an expired ticket, and if plaintiff had any cause of action it was clearly not against defendant;" and in overruling defendant's special exceptions, " because the allegation as to delay or default being the express act of the carrier other than the defendant, and the same not occurring upon defendant's line, defendant ·is not liable."

From the allegations in the plaintiff's petition it would seem that the agent of the Louisville & Nashville Railway Company at Birmingham, Alabama, sold the plaintiff a ticket, which entitled him to through passage from Birmingham to Cameron, Texas; and that in doing so he acted also as the agent of the defendant.   It does not appear that the ticket was composed of the separate tickets or coupons of each of the connecting lines, or that the ticket was limited in any other manner than as to the time within which it should be used.   Looking only to the petition, as we must in the disposition of the demurrers, the ticket appears to have been the joint contract of the Louisville & Nashville Railway Company and its connecting lines, including that of the defendant, to transport the plaintiff from Birmingham, Alabama, to Cameron, Texas, with a limitation only as to the time within which it should be done.   Such a limitation may be made when reasonable, and the purchaser of the ticket must use it within the time stipulated; but it is subject to the implied condition that the train shall make the passage within the time limited, and that the company shall upon its part perform its obligation.   2 Wood's Ry. Law, 1398, 1400, 1402.

It appears from the petition that the failure of the plaintiff to reach McGregor before the expiration of the ticket was owing to the fault of

one of the connecting lines; that the plaintiff commenced his journey immediately after the purchase of the ticket on August 6, but was detained at Belden, on a connecting line, which failed and refused to move its train for eighteen or twenty hours; and that but for such delay plaintiff would have reached McGregor in time to take defendant's train on the 9th of August, before the expiration of the ticket. Since it appears from the petition that the ticket was the joint undertaking, or evidence of such undertaking, on the part of all the lines of railway, the defendant would be responsible for the default of the connecting line causing the delay, to the extent at least that it was bound to honor the ticket when presented to it at McGregor for passage from McGregor to Cameron. A joint undertaking having been shown by the petition of all the connecting lines to transport the plaintiff from Birmingham, Alabama, to Cameron, Texas, the limitation of the time in the ticket also applied to the time within which the journey should be commenced at Birmingham; and the plaintiff having commenced his journey within the time prescribed, and continued the same, without a stop-over, to McGregor, he was entitled to be transported by defendant from McGregor to Cameron, notwithstanding the limitation to his ticket had expired when he reached McGregor. 2 Wood's Ry. Law, 1397, 1398; Lundy v. Railway, 66 Cal., 191. Since the averments of the plaintiff's petition show a through contract for passage, as we think, there was no error in overruling the defendant's demurrers.

But the facts as developed upon the trial of the case show that plaintiff's ticket was a coupon ticket, the unused portion of which was as follows:

"Issued by Louisville & Nashville Railway Company. Good for one passage of the class designated, to the point on Gulf, Colorado & Santa Fe Railway Company indicated by punch marks in check attached, when stamped by company agent, subject to the following contract. It is understood and agreed between the purchaser of this ticket and all the companies named in it and its coupons, as follows:

"First. That in selling this ticket and coupons over connecting lines the Louisville & Nashville Railway Company acts only as agent, and is not responsible beyond its own line.

"Second. That baggage liability is limited to wearing apparel, not exceeding $100 in value.

"Third. That no stop-over will be allowed unless permitted by the local regulations of the various lines.

"Fourth. That if this ticket and coupons are punched to indicate destination only, they are good until used.

"Fifth. That if the ticket and coupons are sold at a reduced rate and punched to denote that they are limited, they are not good after the date so cancelled in the margin of this contract, and that if more than one date is cancelled they are void.

"Sixth. That if no punch marks are used to indicate 'class,' then this ticket and coupons are good for first class passage; but when punched to denote second class, they entitle the holder only to the privileges usually accorded to second class passengers.

"Seventh. This ticket and coupons are void if they show any alteration or erasure, or if more than one station is designated as the terminal point; and that the coupons are void if detached.

"Eighth. That none of the companies named in this ticket or coupons will be held liable for damages on account of any statement not in accordance with this contract made by any employe or employes of said companies.

"Ninth. That it is especially agreed and understood, that no agent or employe of any of the companies named in this ticket or coupons has any power to alter, modify, or waive in any manner any of the conditions named in this contract.

"Tenth. That the right exists to declare this ticket or either of the coupons forfeited for violation of either of the companies (?) [conditions] named in this ticket or coupons; the right of forfeiture being a continuous one.           "C. P. Atmore,

"General Passenger and Ticket Agent."

In the margin of the contract "August 9, 1888," is punched, indicating August 9, 1888, as the cancelled date referred to in the fifth clause of the ticket. Its only coupon attached reads, "Issued by Louisville & Nashville Railway Company on account of Gulf, Colorado & Santa Fe Railway Company, McGregor to point indicated by punched mark;" Cameron being the point indicated by punched mark. "Not good if detached." In one corner of the coupon are the letters, "Limited when punched," printed around a half-circle, and the half-circle is punched out with the letter L. The coupon is so punched in another corner to denote that it entitles the holder to first class passage. The balance of the coupons were detached by the conductors of connecting lines. The ticket was by way of Louisville & Nashville, the "Cotton Belt," or St. Louis, Arkansas & Texas, and the Gulf, Colorado & Santa Fe Railway lines to Cameron, Texas.

Plaintiff bought the ticket at Birmingham, Alabama, from the agent of the Louisville & Nashville Railway Company, on August 6. He called for the cheapest ticket. He commenced his journey at once, and did not stop over en route, but was detained on the Cotton Belt by a wreck, and had to stop over there, without fault on his part, eighteen or twenty hours. But for this delay he would have reached McGregor in time to take the defendant's train bound for Cameron on August 9. He reached McGregor on August 10, and took the first train leaving for Cameron over defendant's road. The conductor refused to honor the coupon because it had expired, and plaintiff paid him the regular local fare as far as Tem-

ple.   After passing Temple plaintiff was ejected by another conductor because he failed to produce a ticket other than the expired coupon, or pay the fare.

The court in its charge to the jury held the defendant responsible for the act or omission of the connecting line, and instructed the jury, in substance, to find for the plaintiff if he failed to make the connection at McGregor from no fault of his own, but by reason of the act or omission of the defendant or either of the connecting lines.   Defendant requested the following charge, the refusal of which has also been assigned as error:

" You are instructed, that the evidence, without contradiction, showing that plaintiff's ticket was a limited ticket, and that the period of limitation had expired when plaintiff first boarded defendant's train on its line of railway, the conductor was justified in refusing to recognize the expired ticket; and upon refusal of plaintiff to pay fare or produce a valid ticket, the conductor was justified in ejecting plaintiff, using no more force than was necessary."

It is further contended, that the verdict of the jury is not supported by the evidence in the case, to the effect that " the ticket upon its face expresses, that in issuing the same with coupons over connecting lines, the Louisville & Nashville Railway acts only as agent, and is not responsible beyond its own lines, which stipulation in the ticket negatives the existence of any partnership or joint interest between the various companies over whose roads the different coupons read, and the evidence fails to show that there was any partnership or joint interest.   The ticket upon its face, in connection with the coupons, shows in legal effect that if the defendant company was in any respect connected with or bound thereby, that it was a contract on the part of defendant company to transport the plaintiff from McGregor to Cameron, provided the ticket was presented to it for passage on or before the 9th day of August, 1888; and the evidence shows that the plaintiff failed to present said ticket for passage to the defendant within said time; and under the contract evidenced by the ticket, in connection with all the testimony in the case, the defendant not being liable for the defaults or negligence of other lines which may have prevented the plaintiff from presenting his ticket in the required time to the defendant, the verdict is entirely without evidence to support it, and should have been for the defendant;" and that the court should have charged the jury to return a verdict in favor of the defendant.  ·

As the ticket upon which the plaintiff travelled in this case contained the stipulation, " that in selling this ticket and coupons over connecting lines the Louisville & Nashville Railway Company acts only as agent, and is not responsible beyond its own lines," we are relieved of the difficulty presented in the consideration of a case where separate coupon tickets are sold without such limitation.   But Mr. Hutchinson, in his work on Carriers, section 152, says, it is " well settled that one passenger carrier may

sell his own and,. at the same time, the tickets of connecting. carriers, entitling the purchaser to through transportation to his destination over all the lines, and may receive the fare for the whole distance, without becoming responsible for the passenger's carriage beyond his own line; and in fact where nothing else appears in the transaction, this will be the legal construction put upon it." Each coupon is the separate contract, voucher, or token of the respective connecting carriers, and the selling carrier is the agent of the several lines in selling them. Knight v. Railway, 56 Me., 234; Milner v. Railway, 53 N. Y., 363; Hartan v. Railway, 114 Mass., 44; Ellsworth v. Tartt, 26 Ala., 733; Hood v. Railway, 22 Conn., 1. The coupons are not the contract of the first or selling carrier; but it sells them as the agent of the several connecting carriers.

When, as in the present case, it is expressly stipulated that the selling carrier acts as the agent of the connecting carriers, and will not be responsible beyond its own line, each coupon becomes the separate contract of the line for which it is issued; and the ticket does not imply a joint obligation resting on each of the companies. A carrier may limit its liability to its own line (Railway v. Baird, 75 Texas, 263); and our Supreme Court sees no distinction between carriers of freight and of passengers. Harris v. Howe, 74 Texas, 534.

It appears from the evidence that the limitation of the ticket to four days was reasonable, and that the plaintiff would have easily reached McGregor in time for the defendant's train on August 9, but for the delay on the line of the Cotton Belt. Being reasonable, the limitation of the ticket was binding upon the plaintiff, and the coupon evidencing the plaintiff's right to be carried from McGregor to Cameron over defendant's line was defendant's contract, and entitled the plaintiff to be transported if he presented himself within time; and defendant should not be held liable for the default of its connecting line to have the plaintiff there in time. Mosher v. Railway, 127 U. S., 393. Plaintiff has a right of action against the Cotton Belt Company for its failure to transport him to McGregor within time; but his coupon for transportation over defendant's line having expired by limitation, the defendant was not bound to carry him, because it was no fault of plaintiff that he did not reach there in time. Neither was it the fault of the defendant.

Appellee relies upon the fact that the journey was commenced at Birmingham within the time to which the ticket was limited to compel the defendant to recognize its coupon, though presented after the expiration of the limit, and has cited as authority for his position 4 Lawson's Rights, Remedies, and Practice, page 3235, and the cases cited in support of the text, which is: "When a limited ticket is issued, 'not good for passage after' a certain number of days from its date, or to be 'used' by a certain day, the passenger need not have completed his journey by that date. It is sufficient that he has commenced it." Citing Lundy v. Railway, 66

Cal., 191; Auerbach v. Railway, 89 N. Y., 281; Evans v. Railway, 11 Mo. App., 463.

In Auerbach v. Railway the plaintiff had purchased a ticket from St. Louis, over several railways mentioned in coupons annexed to the ticket, to the city of New York. When ejected from defendant's cars he had commenced his journey upon the last coupon before its expiration, and had not completed it when the time expired. It was held, that the acceptance of the coupon by the conductor before midnight of the last day was in time, although the journey could not be completed until afterward. This case is not in point, and applies only to a continuous trip. The case in Missouri Appeals, Evans v. Railway, is not accessible to us.

Lundy v. Railway would at first seem to be in point, as the ticket was a coupon ticket issued by the Union Pacific Railway over its line and that of defendant, and the court said: " In our view it was only required of plaintiff that he present himself at the cars of the Union Pacific Railway Company, or of the defendant, and take passage at any time within nine days from the 12th day of March, 1874." Plaintiff's time had expired when he presented the coupon to defendant's conductor. But an examination of the case will show that the liability of the Union Pacific was not limited, nor that of the defendant, by the terms of the ticket; and a verbal agreement was shown between the passenger agents of the companies to honor each other's tickets. It was put on the ground, that a contract was made by authority of the defendant by the Union Pacific Railway Company for carrying the plaintiff through from Omaha, on the line of the Union Pacific, to San Francisco, on the line of the defendant.

We are of the opinion that the defendant made no contract except to carry the plaintiff from McGregor to Cameron, and only then in case he presented himself for carriage at the defendant's cars for that purpose within the time fixed in the ticket; and that the defendant was not bound to carry out said contract after the limited time, on account of the failure of its connecting line to perform its obligation to expeditiously carry the plaintiff and have him at McGregor before the expiration of his ticket.

Consideration of the remaining assignments of error is unnecessary.

For the error of the court herein indicated, we conclude that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 7, 1892.