Gulf, Colorado & Santa Fe Railway Company v. J. W. Wright.

No. 79.

1. **Limited Excursion Railway Tickets — Reasonable Restrictions.**—The rule is well settled, that the liability of a carrier by contract can be limited and confined to its own line of road. But when a railway company undertakes to sell an excursion ticket to be used within a certain time, it must see that the time agreed upon is reasonable, from the standpoint of the then existing circumstances and conditions, and that the passenger, by the exercise of reasonable diligence, may complete his journey within the time agreed upon. If such time be reasonable, the railway company selling such ticket with liability

limited to its own line would not be liable for delay by other lines on the route, and could insist upon the terms of the ticket when presented after the time specified therein.

2. **Statements of Ticket Agent.**—The statements made by the ticket agent selling a limited excursion ticket are competent in evidence against the railway company on subject of the movement of the trains, etc., and to show whether the limit of time of the ticket was reasonable under the circumstances.

3. **Declarations of Ticket Holder.**—The declarations of a holder of an excursion ticket, made to the conductor when he demanded payment of fare notwithstanding the ticket, are competent when tending to explain the delay of the holder in not presenting the ticket before the limit had expired, and when they tended to show that the limit of time in the ticket was not reasonable.

APPEAL from Lampasas.    Tried below before Hon. W. A. BLACKBURN.

*J. W. Terry*, for appellant.— 1. A through ticket, with separate coupons attached for each road, is in legal effect a separate and distinct contract with each road, and does not render the company selling the same liable for the negligence or miscarriage of the other companies or any of them. Hutch. on Carr., secs. 152, 577, 578; Thomp. on Pass. Carr., 433; Ellsworth v. Tartt, 26 Ala., 733; Milnor v. Railway, 53 N. Y., 363; Kessler v. Railway, 81 N. Y., 538; Knight v. Railway, 56 Me., 240; Furstenheim v. Railway, 9 Heisk., 238; Sprague v. Smith, 29 Vt., 421; Hartan v. Railway, 114 Mass., 44; Felder v. Railway, 21 S. C., 35; Railway v. Culver, 75 Ala., 587.

2. In any event, it is competent for the road selling a through ticket to stipulate that it acts as agent only, and is not responsible beyond its own lines. Auerbach v. Railway, 89 N. Y., 281; Pennsylvania Co. v. Hine, 41 Ohio St., 276; Harris v. Howe, 74 Texas, 534.

3. Conductor Kimball, who refused the ticket for passage, was not concluded by the action of the first conductor on appellant's road in accepting it for passage after its limitation had expired. The ticket itself expressly provided that no employe of the appellant should have the authority to waive or modify the same, and was of itself express notice to the passenger that the first conductor did not have such power. Moreover, there was nothing in the action of the first conductor to operate as an estoppel, as when he received the plaintiff's ticket for passage he advised her that she might thereafter have trouble about it. Dietrich v. Railway, 71 Pa. St., 434; Beebe v. Ayres, 28 Barb., 276; Hill v. Railway, 63 N. Y., 101; Johnson v. Railway, 46 N. H., 213; Stone v. Railway, 47 Iowa, 82; Kelley v. Railway, 67 Me., 173; Wakefield v. Railway, 117 Mass., 544; Sherman v. Railway, 40 Iowa, 45; Thorpe v. Railway, 17 Atl. Rep., 791.

4. While it may be true that the initial line would be liable in damages for selling a ticket over connecting lines with a limitation thereon, which, according to the schedules then in force, the trains being on time, would not enable a passenger to complete the ‚journey within the limits pre-

scribed by the ticket; yet when such objection is made, the burden of proof is on the plaintiff to show the fact, and that, according to the schedules then in force, the limits prescribed by the ticket did not afford sufficient time for the journey.

5. In the nature of things, the ticket held by the passenger must be to the conductor the only evidence of the passenger's right to transportation thereon. It would be an impracticable and unreasonable rule to require the conductor to enter into a judicial investigation on the train, to determine whether from matters de hors the ticket the passenger was entitled to transportation, notwithstanding the ticket on its face does not entitle the passenger to transportation thereon. Hence, under such circumstances, it is the duty of the passenger to pay fare, and to look to the party whose negligence may have rendered the ticket insufficient for any damages that may have been sustained. Under such circumstances, the plaintiff can not recover for expulsion by the conductor, who was in the discharge of his duty. Mosher v. Railway, 127 U. S., 390; Mosher v. Railway, 17 Fed. Rep., 880; Bradshaw v. Railway, 135 Mass., 407; Hall v. Railway, 9 Fed. Rep., 585; Railway v. Pierce, 3 Am. and Eng. Ry. Cases, 340; Yorton v. Railway, 54 Wis., 234; Townsend v. Railway, 56 N. Y., 295; Frederick v. Railway, 37 Mich., 342; Shelton v. Railway, 29 Ohio St., 214; Dawes v. Railway, 36 Conn., 287; Railway v. Griffin, 68 Ill., 499; Boice v. Railway, 61 Barb., 611.

*W. H. Browning* and *W. B. Abney*, for appellee.—Although the ticket held by plaintiff's wife may have required the journey to be completed within three days, and although this may have been a sufficient time under ordinary circumstances, still if the delay and consequent failure to complete the journey within said three days was occasioned through no fault of plaintiff's wife, but was on account of the delays in the connecting lines, and defendant had notice of this fact, or might have known it by the exercise of ordinary diligence, then defendant could not refuse to receive said ticket for passage after the expiration of said time. Railway v. Baird, 75 Texas, 263; Head v. Railway, 7 S. E. Rep., 217.

FISHER, Chief Justice.—This is a suit by appellee against appellant, for damages resulting to his wife when a passenger on the cars of defendant's railway. It is alleged, that on the 21st day of December, 1887, the wife of appellee purchased a coupon ticket over the line of appellant's road from Lampasas, Texas, via Wolfe City, Texas, to Montgomery, Alabama, and return. That upon her return trip, and while the ticket was in force, and while she was a passenger by virtue thereof upon appellant's road between Temple and Lampasas, Texas, the conductor of appellant's road

would not accept the ticket for her passage, but demanded an additional fare from Temple to Lampasas, and that in his demand he acted arbitrarily, rudely, and harshly, and attempted to eject her from the train at Belton, Texas, and in order to prevent it she paid the extra fare demanded. This is denied by appellant; and it further alleges, that the time in which the ticket could be used had expired, and that it rightfully demanded the extra fare. Verdict and judgment in favor of appellee for $2082.25.

The ticket embodies the following conditions:

"Issued by Gulf, Colorado & Santa Fe Railway. Excursion ticket. Good for one first class passage to point between punch marks on Louis-ville & Nashville Railroad and return, when officially stamped on back hereof, and presented with coupon attached, subject to the following con-tract: In consideration of the reduced rates at which this ticket is sold, it is expressly agreed between the purchaser and the railroad companies over whose lines this ticket reads, as follows:

"First. That in selling this ticket the Gulf, Colorado & Santa Fe Rail-way Company acts as an agent, and is not responsible beyond its own line.

"Second. That this ticket is not transferable, and no stop-over at any intermediate point will be allowed unless specially provided for by the local regulations of the lines over which it reads.

"Third. That any alteration whatever of this ticket renders it void.

"Fourth. That it is good for going passage only three days from date of sale, as stamped on the back hereof and written below.

"Fifth. That it is not good for return passage unless the holder iden-tifies himself as the original purchaser to the satisfaction of the authorized agent of the Louisville & Nashville Railroad at Montgomery, on or before January 20, 1888; and when officially signed and dated in ink, and duly stamped on back hereof by said agent, this ticket shall then be good only three days after such date.

"Sixth. That I, the original purchaser, hereby agree to sign my name and otherwise identify myself as such whenever called upon to do so by any conductor or agent of the line or lines over which the ticket reads.

"Seventh. That baggage liability is limited to wearing apparel, not exceeding $100 in value.

"Eighth. That the coupons belonging to this ticket will not be received for passage if detached.

"Ninth. That my signature must be in manuscript and ink.

"Tenth. That unless all the conditions of this ticket are fully complied with it shall be void.

"Eleventh. That I will not hold any of the lines named in this ticket liable for damages on account of any statement not in accordance with this contract, made by any employe of said lines.

" Twelfth. And it is specially agreed and understood by me, that no agent or employe of any of the lines named in this ticket has any power to alter, modify, or waive in any manner any of the conditions named in this contract.

" Mrs. J. W. Wright, Purchaser.
" C. L. Moody, Agent."

Attached to and following the above were the coupons for passage, there being but one unused at time of the attempted ejection of plaintiff's wife from the cars of defendant, and this coupon called for passage from Wolfe City to Lampasas.

It appears from the evidence, that at the time the ticket was presented and refused by the conductor, the wife of appellee was on her return trip, and that more than three days had expired after it was officially signed and stamped at Montgomery, Alabama, by the agent.

1. The appellant complains of the following charge given by the court:

" Now, if you find from the evidence that plaintiff's wife presented said ticket to defendant's agent after the 18th day of January, 1888, then you are instructed, that said ticket was invalid, and defendant's agent was justified in demanding payment of fare from Temple to Lampasas, and upon failure to pay such fare, the agent would be justified in ejecting the holder of such ticket from the car, unless you further believe from the evidence that the defendant, or some one or more of said connecting lines, caused the delay and failure of Mrs. Wright to present her ticket within the three days limitation."

In view of the express agreement between the parties, wherein it was stipulated that the appellant was not liable beyond its own lines, we must hold this charge erroneous. It makes the appellant liable for delays occurring on lines of road other than its own. The rule is well settled in this State, that the liability of the carrier by contract can be limited and confined to its line of road. In cases of this kind, we believe the correct rule to be, that the carrier has the right to limit its liability to its own line, but when it undertakes to sell a ticket to be used within a certain time, it must see that the time agreed upon is reasonable from the standpoint of the then existing circumstances and conditions, and that the passenger, by the exercise of reasonable diligence, may perform and complete his journey within the time agreed. A time fixed in which the ticket may be used, less than is sufficient to accomplish that purpose, would be a limitation of time imposed which could not be reasonable under the circumstances. Agreements of this character are permitted by the law upon the theory that they are reasonable. The carrier selling the ticket must know of the movements of the trains and their connections over the lines of road that it sells, and the difficulties naturally and

usually resulting in travel over those lines.   This is necessarily so in determining if the time in which the passage is limited is reasonable. Whether the time in which a ticket is to be used is reasonable, is ascertained from all the facts and circumstances existing at the time the contract was made and the time the ticket should be used.

From these facts the jury must determine whether the limitation imposed was reasonable, and if the journey could, by ordinary diligence upon the part of the passenger, be accomplished within that period.   In submitting the question to the jury, as to the liability of appellant for failure of the wife of appellee to reach the line of appellant's road before the ticket expired, it should be in connection with a proper rule of law submitting to them the right to ascertain if, from the facts and circumstances, the time agreed upon was not reasonably sufficient for that purpose.   If from the facts and circumstances existing at the time the contract of carriage was entered into, as to the connections and movements of the trains over the several lines of road, and reasonable changes that were likely to be made in the schedules of the movements of trains, and from the natural and usual difficulties that are likely to be met by a traveller over the route, and that are of such a character that the carrier selling the ticket is likely to contemplate, the time agreed upon is not sufficient to accomplish the journey, it can then be said that the limitation imposed is unreasonable.   2 Woods Ry. Law, 1403, 1406.

2. The appellee was permitted to testify, over the objection of the appellant, as to statements and representations made by the ticket agent of appellant when the ticket was purchased, as to the movement of trains over the route covered by the ticket, and the advice of such agent to purchase the ticket over those lines.   We think this evidence was properly admitted.   2 Wood's Ry. Law, 1395; Burham v. Railway, 63 Me., 298; Van Kirk v. Railway, 76 Pa. St., 66.

This fact was not necessary to be pleaded in order to admit the evidence.   It was admissible in showing the knowledge of appellant as to the proper route to be travelled and as to the movements of the trains. While it is true the passenger should know of the movements of the trains over his intended line of travel, he is only required to obtain his information from some source that he can rely upon.   We know of no more reliable source of information than the road that sells the ticket. All this testimony was admissible upon the question as to whether the appellant had the opportunity to know if the time agreed upon in which the ticket should be used was unreasonable, and was further admissible in showing diligence upon the part of the purchaser of the ticket in ascertaining the movements of trains over the line called for by the ticket.

3. The court did not err in refusing to give the special charge number 3 requested by appellant, to the effect, that "as between the conductor

and the passenger, the ticket was the only evidence of the right of the passenger to ride, and that the conductor was not required to enter into an investigation as to failure to present the ticket upon defendant's line before its limitation had expired."

The passenger, when called upon for the extra fare, stated the reasons why she did not present the ticket before the three days expired in which it could be used. The effect of her statements tended to show, that she had used due diligence in her return trip, and that the time limited in the ticket was not sufficient for her to accomplish the journey. She had a right to rely upon the contract, and if from the facts and circumstances the time limited by the terms of the ticket for her to make the return trip was not a reasonable time for such purpose, the law would imply as one of the conditions of the contract that she should have a reasonable time in which to make and conclude the journey. This was a matter to be determined by the jury. She had the right to state the facts as she understood they were, and insist that her rights should be controlled by the contract as existed between her and appellant. She was under no obligation to pay another agent of appellant a sum in excess of that agreed upon with appellant as the amount stipulated for her transportation. When she stated to the conductor the facts tending to show that the time agreed upon was not reasonable, it was equivalent to an explanation made to appellant, and the appellant could no more justify the conduct of the conductor in exacting additional fare than it could a like exaction directly made by it. If in such a case the passenger should be right, the carrier can not exact the performance of conditions contrary to the rights of the passenger under the contract. It assumes the responsibility of any wrong it or its servants in authority may commit under the circumstances. Railway v. Martino, 18 S. W. Rep., 1068; Railway v. Mackie, 71 Texas, 494; Railway v. Bray, 25 N. E. Rep., 439; 125 Ind., 229; Wightman v. Railway, 40 N. W. Rep., 691; Head v. Railway, 7 S. E. Rep., 217; Railway v. Bamberg, 16 Atl. Rep., 67.

4. In answer to the objection made to the charge, the appellee contends that if error was committed, it was abstract; because the ticket should be so construed that the passenger was only required to commence her journey within the three days after the ticket was officially signed and stamped, and was not required to complete it within that time, as the facts indisputably show that she did commence the journey within the three days.

The court below, we think, correctly construed this clause in the ticket to mean that the journey should be completed within the three days. If we understand it, this was the effect given to the ticket by the court below. This construction is correct, unless the time stated in the ticket may be controlled or extended by facts showing that it was not a reason-

able time in which to accomplish the journey.   Railway v. Looney, 85 Texas, 158.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 22, 1893.