ST. LOUIS, I. M. & S. RY. CO. v. EWING et al. (Circuit Court of Appeals, Fifth Circuit. February 25, 1902.) No. 1,086. In Error to the Circuit Court of the United States for the Northern District of Texas. John L. Henry (W. T. Henry, on the brief), for plaintiff in error. Frank P. Poston, for defendant in error Southern Ry. Co. Rhodes S. Baker, W. A. Rhea, Jr., and George H. Plowman, for defendants in error Ewing. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the judges are of opinion that there is no reversible error in the record, and the judgment of the circuit court is therefore affirmed.

PARDEE, Circuit Judge (dissenting). This case shows that prior to removal and after taking nonsuit in the state court, the plaintiffs below so amended their petition as to conform strictly to the contract of transportation as embodied in the ticket signed by Mrs. L. S. Ewing, changing their declaration from one against all the defendants upon a joint obligation to transport over the entire distance from Dallas, Texas, to La Grange, Tennessee, to a declaration against each of the defendants separately for a violation of contract of transportation over the respective lines of each.

It seems to be settled general law that, unless a carrier whose line constitutes a portion of the entire route contracts otherwise, its obligation for transportation and its liability for damage extends only to its own line. Myrick v. Railroad Co., 107 U. S. 102, 107, 1 Sup. Ct. 425, 27 L. Ed. 325; Railroad Co. v. Jones, 155 U. S. 339, 15 Sup. Ct. 136, 39 L. Ed. 176. This rule has been

recognized and declared in the supreme court of Texas in McCarn v. Railway Co., 84 Tex. 352, 19 S. W. 547, 16 L. R. A. 39, 31 Am. St. Rep. 51; Railway Co. v. Looney, 85 Tex. 158, 19 S. W. 1039, 16 L. R. A. 471, 34 Am. St. Rep. 787.

Therefore, in my opinion, the court below committed reversible error in overruling the exception of the St. Louis, Iron Mountain & Southern Railway Company to the fourth original petition of the plaintiff, which excepted to the said petition on account of a misjoinder of parties defendant and causes of action apparent upon the face thereof; and the court below also committed reversible error in instructing the jury over the objections of the plaintiff in error that the plaintiff below was a passenger on the line of the St. Louis, Iron Mountain & Southern Railway Company from the time she entered its custody at Fair Oaks until she was delivered by it to the Southern Railway Company at Memphis. This instruction gives the jury to understand that the St. Louis, Iron Mountain & Southern Railway Company was under an obligation to deliver the plaintiff below to the Southern Railway Company at Memphis, whereas the real contract between the parties sued on was to deliver the plaintiff at Memphis. This error becomes particularly important when it is considered that most of the damages suffered by the plaintiff were after the delivery at Memphis and before the plaintiff actually entered in the cars of the Southern Railway.

This statement sufficiently indicates the grounds why I cannot agree to the affirmance of the judgment below.