PONDER et al. v. CRENWELGE et al.
(No. 6038.)

(Court of Civil Appeals of Texas. San Antonio. May 15, 1918. On Motion for Rehearing, June 12, 1918.)

1. JUDGMENT ⬤�center256(5)—VERDICT TO SUPPORT.
Where only the receiver of a railroad was sued, a verdict against the company alone will not support a judgment against the receiver and the company.

2. CORPORATIONS ⬤�center559(6)—RECEIVERS.
As a general rule, a corporation is not liable for any acts of a receiver, who has full possession of its property and entire charge of its affairs.

3. CARRIERS ⬤�center76—INJURY TO SHIPMENT — PARTIES ENTITLED TO RECOVER.
Consignee and another who did not buy an interest in the cattle until they reached their destination would have no right to recover against the carriers for cattle killed and injured in transit; the owner not having sold them an interest in the chose in action.

4. TRIAL ⬤�center335—APPORTIONMENT OF DAMAGES BETWEEN CARRIERS.
Where the contract of the initial carrier was to transport to a certain place, and there deliver to the connecting carrier, and where there was no partnership between the carriers or ratification of the original contract, evidence which wholly failed to show damages which occurred on each line afforded no basis for an apportionment of damages by the jury.

5. CARRIERS ⬤�center174 — RATIFICATION OF CONTRACT OF INITIAL CARRIER.
Receiving from initial carrier goods for transportation was not a ratification of the initial carrier's contract, but merely a compliance with Rev. St. 1911, arts. 6608–6612, requiring connecting carrier to receive and transport all freight delivered to it by any other line.

Appeal from District Court, Gillespie County.

Suit by F. O. Crenwelge and others against A. R. Ponder, receiver, and others. Judgment for plaintiff, and certain defendants appeal. Affirmed in part, and reversed and remanded in part.

Mason Williams, of San Antonio, and E. H. Crenshaw, Jr., of Kingsville, for appellants. Martin & McDonald, of Austin, Martin & Petsch, of Fredericksburg, and T. M. West, of San Antonio, for appellees.

FLY, C. J. F. O. Crenwelge, Dave Reed, and J. C. Campbell instituted this suit against Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, Duval West, and A. R. Ponder, receivers of the San Antonio, Uvalde & Gulf Railway Company, the San Antonio & Aransas Pass Railway Company, M. H. Trice, receiver of the San Antonio, Fredericksburg & Northern Railway Company, and the St. Louis, Brownsville & Mexico Railway Company, to recover damages to 259 head of cattle which were delivered to Frank Andrews, receiver at Armstrong, Tex., to be transported to Fredericksburg, Tex. It was alleged that after the shipment was made the initial carrier had been released from the authority of the receiver, and had assumed all the debts of such receiver. The receiver did not answer and under an agreement made by counsel was dismissed from the suit. The cause was tried by jury resulting in a verdict and judgment in favor of appellees against the St. Louis, Brownsville & Mexico Railway Company for $859.66, against the San Antonio, Uvalde & Gulf Railway Company for $859.66, against the San Antonio & Aransas Pass Railway Company for $122.65, and in favor of the San Antonio, Fredericksburg & Northern Railway Company. Duval West, having been relieved from the receivership of the railway company for which he had formerly acted, was dismissed from the suit, and judgment was rendered against A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company, and also against the company.

[1, 2] The San Antonio, Uvalde & Gulf Railway Company was not a party to the suit, only its receiver being sued, but the verdict was against the company. The receiver being a party to the suit, and all the facts showing that he was in charge of the company, and that he answered in the case, it might be presumed that it was the intention of the jury to find against the receiver; however, they did not so find, but against the company alone. It may have been merely an irregularity, but it should have been corrected before the verdict was received. The judgment did not follow the verdict, but was rendered against both the receiver and the company which was not a party to the suit. The authorities cited by appellees do not apply to such a case as this, but were rendered in cases where the verdicts abbreviated the names of railway companies, designating them by the initial letters of the names. We have seen no case, where a judgment was sustained that was based on a verdict against one not a party to a suit. The receiver was not named in the verdict, and the railroad company was not named as a party in the pleadings. The general rule is that the corporation is not liable either in a civil suit or criminal proceeding for any acts of the receiver who has full possession of its property and entire charge of its affairs. Elliott, Railroads (2d Ed.) § 581, and authorities in footnote. As said in Railway v. Dorough, 72 Tex. 108, 10 S. W. 711:

"It is settled law that the receiver of a railroad company is the representative of the court, and not of the company, and that the company is not liable for his acts or those of his employés."

[3] The evidence showed that the cattle when shipped belonged to J. C. Campbell, and were consigned to Otto Crenwelge, one of the plaintiffs. Crenwelge did not buy an interest in the cattle until they reached their destination, and after that Dave Reed bought an interest in the cattle. Campbell, Crenwelge, and Reed brought the suit, and there was a verdict in favor of all of them upon which a joint judgment was rendered. There is no testimony showing that Campbell sold an interest in the chose in action to his coplaintiffs. It is clear that neither Reed nor Crenwelge showed any right to recover damages for cattle killed and injured before they had any interest in them, and upon what theory they recovered is not disclosed by the record. If any one had the right to recover it was Campbell alone who owned the cattle when the damage occurred and who did not sell any interest in the damages to Crenwelge or Reed. It is true that Crenwelge in his testimony was in conflict with Campbell in that he claimed to have an interest in the cattle before they reached Fredericksburg. His testimony, however, showed that he did not have any interest in the cattle before they arrived in Fredericksburg, because all his claim to an interest was shown to rest on an agreement to buy the cattle if they were as represented by Campbell when they reached Fredericksburg. Reed bought from Crenwelge.

[4, 5] The written contract between Campbell and the initial carrier was to transport the cattle from Armstrong to Oden and there deliver them to the San Antonio & Aransas Pass Railway Company, and they were so delivered. There was some evidence of rough handling, but no attempt was made to separate the injuries received on the line of the initial carrier from these inflicted on the other lines, and there was no basis whatever for the verdict rendered against the initial or any connecting line. There was no allegation of a partnership existing between the carriers. The evidence did not show that the original contract was ratified by the connecting carrier, because the original contract was made for the line of the initial carrier alone. Receiving the goods for transportation was not a ratification of the initial carrier's contract, but was merely a compliance with the statute which requires the connecting carrier to receive and transport all freights and passengers delivered to it by any other line. Articles 6608–6612, Rev. Stats. As said in Railway v. Baird, 75 Tex. 265, 12 S. W. 533:

"In the face of such legislation the evidence should show something more than that a through shipment was made, which would require the freight to pass over several lines of railway to its destination, that a price was fixed for the entire transportation and collected by the last carrier, before it ought to be held that there was a joint contract for transportation that would render each carrier liable for failure * * * on the part of other carriers in the connected lines."

To the same effect is Railway v. Dwyer, 75 Tex. 572, 12 S. W. 1001, 7 L. R. A. 478, 16 Am. St. Rep. 926.

The initial carrier made a contract for itself alone and limited its liability to its own line, as it was authorized to do. McCarn v. Railway, 84 Tex. 352, 19 S. W. 547, 16 L. R. A. 39, 31 Am. St. Rep. 51; Railway v. Looney, 85 Tex. 165, 19 S. W. 1039, 16 L. R. A. 471, 34 Am. St. Rep. 787; Railway v. Short, 25 S. W. 142; Railway v. Wilbanks, 7 Tex. Civ. App. 495, 27 S. W. 305; Railway v. Gray, 45 Tex. Civ. App. 208, 99 S. W. 1126; Railway v. Groves, 48 Tex. Civ. App. 45, 106 S. W. 417. That each line was only liable for the damages that arose on its line was recognized, but the evidence totally failed to show the damages that occurred on each line, and there was no basis whatever for the apportionment made of the damages by the jury. The assignments attacking the charge are overruled.

There was an agreement signed by the attorneys of plaintiffs and all the railway companies, to the effect that the receiver of the St. Louis, Brownsville & Mexico Railway Company had been discharged, and that the

railway company had taken control of its property and assumed the debts and liabilities of the receiver. That agreement not only appears in the transcript of the record, but is made a part of the judgment, and appears in the statement of facts. Of course there is no possible basis for the contention found in the brief of the railway in question that the agreement was not signed by its counsel. The statement of facts gives the substance of the agreement, and states that it was made between counsel, and the statement of facts, of which it is a part, was signed by counsel for the St. Louis, Brownsville & Mexico Railway Company. While it appears that the agreement was inserted in the statement of facts after it was made up, there is nothing to indicate that it was inserted after the statement was signed by the attorneys. If it was, however, the record clearly shows that the agreement was made by the attorney who represented the St. Louis, Brownsville & Mexico Railway Company in the trial court, and, in justice to that attorney, we deem it proper to state that he did not brief the case in this court, but it was briefed by another attorney who no doubt overlooked the agreement, copied into the transcript, and the recital in the judgment.

The San Antonio & Aransas Pass Railway Company did not appeal, and no complaint has been made as to the verdict in favor of the San Antonio, Fredericksburg & Northern Railway Company, and as to those two companies the judgment will be affirmed; but as to the St. Louis, Brownsville & Mexico Railway Company and the San Antonio, Uvalde & Gulf Railway Company, the judgment is reversed, and the cause remanded.

On Motion for Rehearing.

There are two judgments copied into the record; in the first judgment was rendered against the San Antonio, Uvalde & Gulf Railway Company and the receiver. There was no verdict against the receiver. The second judgment, which is the only one that should have been placed in the record, upon suggestion of appellees, was corrected so as to strike out the name of the railway company last named as well as the name of the San Antonio, Fredericksburg & Northern Railway Company and the words "for which they have their execution." As corrected, the judgment was against the St. Louis, Brownsville & Mexico Railway Company for the sum of $859.66, against A. R. Ponder, receiver, for $859.66, and against the San Antonio & Aransas Pass Railway Company for $122.65, and in favor of the receiver of the San Antonio, Fredericksburg & Northern Railway Company. It was stated in our opinion that the judgment was against the San Antonio, Uvalde & Gulf Railway Company, as appears

from one of the judgments, but that was omitted in the second or corrected judgment and judgment rendered against Ponder, against whom no verdict was returned. This is an immaterial matter to correct, and does not affect the judgment of this court, except the reversal is as to Ponder, receiver, and not as to his railroad, which was not a party to the suit.

Our judgment will be corrected so as to affirm as to the San Antonio & Aransas Pass Railway Company and the receiver of the San Antonio, Fredericksburg & Northern Railway Company, and so as to reverse as to the St. Louis, Brownsville & Mexico Railway Company and A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company. With the exceptions of making the corrections indicated, the motion for rehearing is overruled.