### CRENWELGE et al. v. PONDER et al.
(No. 189–3236.)

(Commission of Appeals of Texas, Section A. March 2, 1921.)

**1. Trial ⊘⇒331—Verdict sufficient if jury's intention can be ascertained with reasonable certainty.**

A verdict of a jury is sufficient if it can be ascertained with reasonable certainty what the jury's intention was, and any uncertainty can be explained by reference to the record.

**2. Trial ⊘⇒327—Verdict construed as a finding against all defendants notwithstanding use of word "defendant."**

In action against several defendants, verdict for plaintiff against "defendant" apportioning the damages against named defendants *held* a finding against all the named defendants.

**3. Trial ⊘⇒327—Verdict against railroad in action against receiver held to support judgment against receiver.**

In action against receivers of railroads, verdict for plaintiff against "defendant" apportioning damages against the railroads without reference to the receiver of a railroad *held* sufficient to support a judgment against the receiver; the verdict being against all the defendants.

**4. Carriers ⊘⇒180(2)—Railroad held not jointly liable with connecting carriers for damage to shipment.**

Where initial carrier limited its liability to damage occurring on its line and did not receive goods on through contract, it was not jointly liable under Vernon's Sayles' Ann. Civ. St. 1914, art. 731, with connecting carriers for damages to shipment during transportation; article 1830, subd. 25, providing for apportionment of damage between the carriers, being applicable in such case.

**5. Carriers ⊘⇒185(1)—Last carrier presumed at fault for damage to shipment.**

In an action against connecting carriers for damage to shipment under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 25, requiring apportionment between connecting carriers when requested by either party, the last carrier is presumed to have been at fault and has burden of proving itself not at fault, or proving the proportion of damage for which it was not at fault, in which case the burden of proof is shifted to the next preceding carrier to acquit itself in the same way.

**6. Appeal and error ⊘⇒1036(2) — Improper joinder harmless in absence of showing of prejudice.**

In action for damage to shipment, the improper joinder as plaintiffs of persons who had no interest in the goods at the time of the shipment was not prejudicial error, where the judgment rendered was conclusive that the real owner was entitled to recover, and no injury was shown to have resulted from the improper joinder.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by F. O. Crenwelge and others against A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company and others. Judgment for plaintiffs affirmed in part and reversed in part by the Court of Civil Appeals (203 S. W. 1125) and plaintiffs bring error. Judgment of Court of Civil Appeals reversed and that of district court affirmed.

Martin & McDonald, of Austin, Martin & Petsch, of Fredericksburg, and T. M. West, of San Antonio, for plaintiffs in error.

Mason Williams, of San Antonio, and E. H. Crenshaw, Jr., of Kingsville, for defendants in error.

SPENCER, J. Plaintiffs in error instituted this suit to recover of Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, A. R. Ponder and Duval West, receivers of the San Antonio, Uvalde & Gulf Railway Company, the San Antonio & Aransas Pass Railway Company, and M. H. Trice, receiver of the San Antonio, Fredericksburg & Northern Railway Company, damages alleged to have been sustained to a shipment of cattle moving from Armstrong, Tex., to Fredericksburg over the line of these named defendants. Frank Andrews, receiver of the St. Louis, Brownsville & Mexico Railway Company, and Duval West, receiver of the San Antonio, Uvalde & Gulf Railway Company, were dismissed from the suit, the former by agreement of counsel, and the latter on account of having been relieved of his duties.

The case was tried with the aid of a jury, and a verdict in these words was returned:

"We the Jury find verdict in favor of Plaintives against defendant and assessed damages on the following Rail Roads St. Louis Bronsvill and Mex R. Road Co. to $771.00 damages and interest $88.66 San Antonio Uvalde and Gulf R. R. Co. to $771.00 damages and $88.66 Interest San Antonio ARansas Rass R. R. Co. $110.00 damages and $12. 5 Interest.

"An in favor of defendant San Antonio Fredericksburg and Northern R. R. Co."

The trial court rendered judgment upon this verdict in favor of plaintiffs in error against the St. Louis, Brownsville & Mexico Railway Company, A. R. Ponder, receiver, the San Antonio, Uvalde & Gulf Railway

---

Company, and the San Antonio & Aransas Pass Railway Company, and discharged M. H. Trice, receiver of the San Antonio, Fredericksburg & Northern Railway Company.

The honorable Court of Civil Appeals concluded that the verdict against the San Antonio, Uvalde & Gulf Railway Company would not support a judgment against A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company, and that, as there was no attempt made to separate the injuries received on the line of the initial carrier from those inflicted on the other lines, there was no basis whatever for the verdict rendered against the initial or any connecting line. The case was reversed as to the St. Louis, Brownsville & Mexico Railway and the San Antonio, Uvalde & Gulf Railway Company, but, the San Antonio & Aransas Pass Railway Company and M. H. Trice, receiver of the San Antonio, Fredericksburg & Northern Railway Company not having appealed, the judgment as to them was affirmed. 203 S. W. 1125.

[1] The verdict of a jury is sufficient if it can be ascertained with reasonable certainty what the jury's intention was. If any uncertainty exists, the verdict is to be benefited by the light reflected upon it by reference to the contents of the record, and, if thus aided, the uncertainty is explained, it will support an appropriate judgment. Avery v. Avery, 12 Tex. 54, 62 Am. Dec. 513.

[2, 3] The use of the singular instead of the plural in designating the parties is, in the light of the record, to be construed as a finding for the plaintiff against defendants. This is made evident not only by the record, but by what follows this general finding. Had the question of apportionment of damages not arisen, there would be no doubt as to the intention of the jury, it having found in favor of the plaintiffs against the defendants without naming them. The question did arise, however, and the various defendant companies were specifically pointed out. The alleged insufficiency or imperfection of the verdict to support a judgment against the receiver is brought about because in the apportionment the sum was apportioned against the San Antonio, Uvalde & Gulf Railway Company, and not against A. R. Ponder, receiver. The San Antonio, Uvalde & Gulf Railway Company was not a party to the suit but its receiver only was sued. The construction urged would induct discord into the verdict, rendering it inconsistent and conflicting in that it would attribute to the jury a finding against a party to the suit without an apportionment following, and of apportioning damages against one not a party thereto without a supporting finding against it.

The apportionment should not be construed alone, but in the light of the entire verdict and record in the case.

The construction, therefore, to be given the verdict in its entirety is that the jury having in reality found in favor of plaintiffs against defendant A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company, the apportionment of damages following this finding was intended to be assessed against the defendant against whom it had found, and not against one not a party to the suit and against whom no verdict had been returned. M., K. & T. Ry. Co. of Texas v. Cardwell, 30 Tex. Civ. App. 164, 70 S. W. 103 (writ of error denied).

It is our opinion, therefore, that the judgment correctly interpreted the verdict, and that it is sufficient to support the judgment against A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railway Company.

We agree with the conclusion of the Court of Civil Appeals that the initial carrier limited its liability to damage occurring upon its own line, and that the shipment was received, not upon any through contract of shipment, nor as a partner of the carrier from whom it was received, nor by ratification of the contract of the initial carrier, but because the law required the connecting carrier to so receive and transport the shipment when tendered it. Ft. Worth & Denver City Ry. Co. v. Williams, 77 Tex. 125, 13 S. W. 637.

[4] Under the provisions of article 731 of Vernon's Sayles' Civil Stat. of 1914, the initial and subsequent connecting carriers are jointly liable only in those instances where the contract entered into by the initial carrier is for carriage from point of origin to destination, and the shipment is received and transported under such through contract of shipment; but, as there was in this instance no through contract of shipment, there was no joint liability between the carriers, and this article is inapplicable here. G., H. & S. A. Ry. Co. v. Jones, 104 Tex. 92, 134 S. W. 328.

However, article 1830, subd. 25, of Vernon's Sayles' Texas Civil Statutes of 1914 finds special application here. That article provides:

"Whenever any * * * freight * * * has been transported by two or more railway companies * * * or common carriers * * * or * * * trustees or receivers thereof, operating or doing business as such common carriers in this state, * * * suit for damage, or loss, or for any other cause of action arising out of such carriage, transportation or contract in relation thereto, may be brought against any one or all of such common carriers, * * * trustees or receivers so operating or doing business in this state * * * in any county in which either of such common carriers, * * * trustees or receivers operates or does business, or has an agent or representative; provided, however, that, if damages be recovered in such suits against more than one defendant not partners in such carriage, transportation or

contract, the same shall, on request of either party, be apportioned between the defendants, by the verdict of the jury, or, if no jury is demanded, then by the judgment, of the court. Acts 1899, p. 214; Acts 1905, p. 29."

In pointing out the intention of the enactment of this article, the Supreme Court, in the case of M., K. & T. Ry. Co. v. Elliot & Dial, 99 Tex. 286, 89 S. W. 767, said:

"The main purpose of the Legislature in enacting that law was to fix the venue of suits against railroad companies which were engaged in operating any part of their roads in the state, and had agents in the state, and also to authorize the shipper to join in one action all railroads which had participated in the transportation of the freight, whether as partners, joint contractors; or under a contract or separate contracts, limiting the liability of each to its own line. It is apparent from the language of the act that it was not intended in any way to affect the rights of the parties under the contract made between them, but, in one action. to enforce such contract according to its terms against all of the participants in the transportation of the freight. Excepting all such defendants as were partners either in the contract or in the shipment from the operation of the proviso shows that the apportionment of the damages was to be made only between defendants who are separately liable to the plaintiff. Indeed, if all the defendants were jointly liable, apportionment would not be proper, because in such case the plaintiff would be entitled to recover the whole sum against each."

To the same effect is the decision in Texas & Pacific Ry. Co. v. Lynch, 97 Tex. 25, 75 S. W. 486.

[5] It only remains to determine whether it devolved upon the shipper or upon the interested carriers to produce evidence to support the apportionment against the several carriers. This question has been settled by the Supreme Court in the case of G., H. & S. F. Ry. Co. v. Cushney, 95 Tex. 309, 67 S. W. 77. In that case, as here, the several carriers were joined as defendants by authority of article 1830, subd. 25, Vernon's Sayles' Texas Civil Statutes 1914, and no joint liability was asserted. The court said:

"And, at last, the charge only directs the jury to do that which is ordinarily done in cases where damages to goods which have passed through the hands of several carriers in transportation are to be ascertained. 'When it is made to appear that freight transported by successive carriers has been damaged subsequent to its shipment and the evidence fails to show on what particular line the injury occurred, there exists a presumption that it was through the fault of the last carrier.' Railway v. Adams, 78 Texas, 373, citing Schoul. on Balim. and Carr. 526.

"In Gulf, Colorado & Santa Fé Railway Company v. Edloff, 89 Texas, 458, it was held that, where the evidence shows that part of the injury occurred on the line of the last carrier, it does not acquit itself of liability for the whole by simply showing that part of it also occurred on the line of a preceding carrier, but must show how much of it so occurred. In applying this rule in such cases, the plaintiff proves the whole amount of damage which his property, when he received it from the last carrier, had suffered in transportation, and the latter must then, in order to escape liability, show that such damage, or a part, and what part, of it had been inflicted before it received the freight. If it succeeds in doing this, the burden is then thrown on the next preceding carrier to acquit itself in the same way. In such an investigation, the jury starts out with an aggregate damage and ascertains the liabilities of the several carriers from the evidence adduced. * * *"

Article 1830, subd. 25, as amended, Acts 1905, p. 29, requires an apportionment by the court or jury when requested by either party to the suit, thus recognizing the rule that the last carrier was responsible to the shipper, and that the matter of apportionment rested with the interested carriers to be invoked upon the request of either of them. The original enactment did not leave it optional with the parties to have the apportionment, as does the act as amended.

[6] The Court of Civil Appeals found from the evidence that the cattle when shipped, belonged to J. C. Campbell, and were consigned to Otto Crenwelge, but that Crenwelge did not buy an interest in the cattle until they had reached destination, and that Dave Reed did not buy an interest therein until after Crenwelge had purchased his interest, and, further, that there is no testimony showing that Campbell sold an interest in the choses in action to either of his coplaintiffs. Upon this state of facts, the Court of Civil Appeals held that neither Reed nor Crenwelge showed any right to recover damages for cattle killed and injured. They were all joined as plaintiffs in the same petition and represented by the same attorneys. The judgment rendered being conclusive against the real owner entitled to recover, and no injury having been shown to have resulted to the defendants in error, the improper joinder of Crenwelge and Reed is not such an error as necessitates reversal. Railway Co. v. Helm, 64 Tex. 147; Lee v. Turner, 71 Tex. 264, 9 S. W. 149.

It is our conclusion, therefore, that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.