### Kansas and Gulf Short Line Railway Co. v. E. T. Dorough.

#### No. 2583.

1. **Evidence.**—When in a suit for damages against a railway company for personal injuries it is alleged in the petition that the injury was caused by the negligence of the servants of the defendant, it is competent for the defendant to show under a plea of general denial that the servants operating the train when the injury occurred were not the servants of the company, but of a receiver, operating the road under the decree of a court of competent jurisdiction.

2. **Negligence.**—Whether an attempt to board a train in motion by one who is injured in the effort, and who sues to recover damages, constitutes contributory negligence is a matter of fact to be determined by the jury. It is for the jury to ascertain whether under all the facts the effort was made to board the train when an ordinarily prudent man would not have attempted it. It is for the jury to determine whether the danger of boarding a train when in motion is so apparent as to make it the duty of one desiring to board it to refrain from the attempt.

3. **Contributory Negligence.**—Neither the fact that one who sues for damages received in an effort to board a railway train which is in motion may have thought that it was prudent to make the attempt, nor that a train conductor invited the attempt, can justify the act of effort to get on the train, if it was made under circumstances which would deter an ordinarily prudent man; but such facts may be considered by the jury in determining the question of contributory negligence.

Appeal from Smith.    Tried below before Hon. Felix J. McCord.

Suit instituted by Eugene T. Dorough in the District Court of Smith County on the 7th day of November, 1887, against the Kansas & Gulf

Short Line Railway Company for $10,000 damages for personal injuries alleged to have been received by the appellee on the 8th day of August, 1887, through the negligence of appellant. The negligence alleged was the failure of the agents and employes of the appellant to stop the train when flagged by appellee, only "slowing up," calling on him to jump on, thereby deceiving him, etc. The case was tried at the February Term, 1888, and resulted in a verdict and judgment for appellee in the sum of $1750.

Dorough swore that he attempted to board the train "at a flag station, but trains carried passengers; if they wanted to get on they flagged the trains, and if they wanted freight trains to carry passengers they would stop. The station (Baker's Mill) was on the map and on the time card as a flag station; and there was an order to stop for passengers. It was called a flag station where trains stopped if you wanted them; if you did not flag, it passed on, but it was a regular station; if you flagged it, it would stop; if you did not flag, it would not stop. * * * I lived at Baker's Mill. * * * Had important business at Lufkin and wanted to go down that evening. * * * It was an accommodation train. * * * I came out and flagged the train; * * * engineer saw me and gave the signal to go ahead."

Dorough testified that the engineer as he passed said something which he understood to be "get on." "The conductor was standing in the middle door of the caboose, and he motioned to me and says 'get on, we won't stop;' it was going slow and I thought I could get on, and the conductor took the coat from my arms and I went to catch, and it threw me and I fell and broke my knee cap. * * * The conductor told me to get on, and it did not appear to be dangerous. * * * The caboose was passing the station when I tried to get on, and they made no effort to stop until they saw I had fallen, and the engineer reversed his engine; the caboose had not passed it more than thirty feet then, I suppose; * * * had not been in the habit of jumping on trains without requiring them to stop; was always very particular about that; * * * can not give any accurate idea of how fast the train was going. * * * I signaled the train to stop, and then the engineer put his hand to the whistle and then gave the signal to go on. I understood that signal was to me, that the train was not going to stop. After I saw that signal I understood that if I wanted the train at all I had to get on at the speed it was running. * * * I did not think it was a dangerous undertaking at the time."

Train was going six to eight miles per hour. Copeland swore that when the train was flagged it checked up, and was checked up when Dorough tried to get on.

*N. Webb Finley,* for appellant. — Under the general issue pleaded the

defendant had the right to prove any fact which tended to show that it did not commit the acts complained of.    Bailey v. Hicks, 16 Texas, 226; Griffin v. Chubb, 7 Texas, 603; 2d Thomp. on Neg., 1179, sec. 26; 6 Wait's Act. and Def., sec. 6, p. 600; Ellet v. St. Louis, etc., R. R. Co., 12 Am. and Eng. R. R. Cases, 183.

The court erred in refusing special instruction No. 2 asked by defendant, to the effect that the fault of the railway company in not stopping its train at a station would not justify a person in attempting to board a train while in motion.    R. R. Co. v. LeGierse, 51 Texas, 201, 202; McCorkle v. R. R. Co., 18 Am. & Eng. R. R. Cases, 156.

An attempt to board a rapidly moving train is negligence.    R. R. Co. v. Leslie, 57 Texas, 85.

*John M. Duncan*, for appellee.—Dorough's attempt to board a moving train was not *per se* negligent, but the quality of his act would depend on the circumstances.    Beach on Contributory Negligence, secs. 52, 53, and cases cited.

Dorough was not guilty of contributory negligence in attempting to board the train under the circumstances.    Beach on Contributory Negligence, secs. 52, 53; H. & T. C. Ry. v. Gorbett, 49 Texas, 573; Filer v. N. Y. Cent. R. R., 49 N. Y., 47; Lambeth, Admr., v. N. C. R. R. Co., 8 Am. Rep., 508.

From the facts that he had flagged the train, that the engineer had signaled him to get on the moving train, that the train was moving slowly, that the conductor invited him to get on at the then speed, saying "we won't stop," that the conductor took his coat as the caboose door passed, and that it did not appear to be a dangerous undertaking, Dorough was not guilty of contributory negligence· in trying to get on.    I. & G. N. Ry. Co. v. Hassell, 62 Texas, 256; Filer v. N. Y. Cent. R. R., 49 N. Y., 47; Delamatyr v. M. P. & C. R. R. Co., 24 Wis., 578; Rayburn v. C. I. R. Co., 35 N. W. Rep., 606.

GAINES, ASSOCIATE JUSTICE.—This is an action brought by appellee against appellant for personal injuries alleged to have resulted to plaintiff as a passenger, in attempting to board a train of the defendant, from the negligence of its servants.

After the plaintiff had introduced his testimony, the defendant offered in evidence a decree of the District Court of Smith County dated prior to the injury, which placed the property and management of the road in the hands of a receiver.    This having been ruled out, the defendant offered a subsequent decree of the same court in the same case showing the final discharge of the receiver, which upon objection was also excluded.    The ground of objection to the first decree, as shown by the bill of exceptions, was that the fact of the appointment of the receiver had not been speci- ·

ally pleaded. This ground was not tenable. The injury was alleged to have been caused by the negligent acts of the servants of the defendant company. The testimony already adduced showed that the injury occurred from the operation of a train on the defendant's road, and from this the presumption arose that the persons in charge of the train were its employes. But the defendant had pleaded a general denial, and under its plea it was competent for it to show that the servants in charge of the train were not its servants (East Line and Red River R. R. Co. v. Culberson, decided at this term), but those of a receiver operating the road under the decree of a court of competent jurisdiction.

It is settled law that the receiver of a railroad company is the representative of the court, and not of the company, and that the company is not liable for his acts or those of his employes. The evidence first offered tended to show that the persons operating the train which caused the injury were not the servants of the company, and if it had stood alone it should have been admitted. But although the second decree offered was rendered after the injury, and showed that up to that time the receiver had not made a final settlement of his accounts and had not been finally discharged, it also evidenced by its recitals that prior to the accident a former decree had been rendered in the case which took the road from his hands and discharged him from the duty of operating the line.

Now the assignment of error upon these rulings of the court is to the effect that the court erred in excluding the two decrees, because they showed "that at the time the injuries were received the railroad of the defendant company was in the hands of a receiver." We conclude that the two decrees taken together show the contrary, and that therefore the assignment is not well taken.

The charge is not complained of. It is full and fair, and very clearly presented the issues made by the pleadings and the evidence. But appellant's counsel insists that the court erred in refusing a special instruction to the effect that the failure of a railroad company to stop its train at a station "does not justify a person in attempting to board a train in motion." The charge is abstract, and even if literally correct, it seems to us calculated to mislead the jury. The jury would have been warranted in inferring from it that under no state of circumstances could a passenger board a train in motion without being guilty of contributory negligence. Under the decisions of this court that can not be said as a matter of law. T. & P. R. R. Co. v. Murphy, 46 Texas, 356. Whether the attempt to board a train under the circumstances disclosed by the evidence in this case is negligent or not, is a matter of fact to be left to the jury. The general charge instructed the jury in this case that if the "plaintiff attempted to board defendant's train while in motion, and when an ordinarily prudent man would not have made the attempt," he

could not recover. This clearly and sufficiently presented the issue of contributory negligence.

It is also assigned as error that the court should have granted a new trial on the ground that the evidence showed that the plaintiff was guilty of contributory negligence. The evidence shows that the plaintiff went to a flag station upon defendant's road for the purpose of taking passage; that he flagged a train and the signal was seen; that the train did not stop, but that as it passed the conductor seized a coat he had upon his arm and told him to "jump on," and that he did jump and was thrown down and received the injury complained of. The plaintiff testified that he did not know how fast the train was running; that it was difficult to tell the speed of a moving train, but that he thought at the time he could board the train with safety; that he could safely board a train running at five miles; that he could get on one running at fifteen, but did not think he could if it was running twenty-five miles per hour. Another witness testified the train was running at the rate of six or eight miles per hour. The company did not call any of the employes who were on the train at the time to prove the rate of speed, or any other fact. In the case of T. & P. Ry. Co. v. Murphy, *supra*, this court in its opinion quote with approval this language: "It was for the jury to say whether the danger of boarding the train when in motion was so apparent as to make it the duty of the passenger to desist from the attempt." Citing Johnson v. R. R. Co., 70 Penn., 357. We have not the same power over the verdict that the court had before whom the case was tried below, and can not say that the conduct of the plaintiff in attempting to board the train was so manifestly negligent that the jury were not warranted in finding to the contrary. We do not think that the fact that plaintiff thought it safe to board the train justified the attempt. A rash man might consider that safe which a prudent one would not. Nor was the invitation of the conductor a justification of the plaintiff's attempt, but these facts were proper to be looked to in determining the question of contributory negligence.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Opinion November 23, 1888.