TEXAS & PACIFIC RAILWAY COMPANY v. C. D. ELLIOTT.

Decided April 3, 1901.

**Passenger Carrier—Negligence—Conductor Exceeding Authority.**

It was no defense to a passenger's action for injuries received from negligent starting of train while he was getting off at a station, that the train was forbidden to stop at that station by the company's rules, and the conductor in letting plaintiff off there exceeded his authority.

Appeal from Bowie. Tried below before Hon. James M. Talbot.

*W. T. Armistead,* for appellant.

*F. M. Ball* and *Rollin W. Rodgers,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit against the railway company, and from a verdict and judgment for $1000 in favor of the plaintiff, the defendant has appealed. The evidence justifying, in support of the verdict we find that the defendant was guilty of negligence in the manner charged in the plaintiff's petition; the plaintiff was not guilty of contributory negligence, and by reason of the defendant's negligence he sustained personal injuries as charged, for which $1000, the amount awarded him by the verdict, is not unreasonable compensation.

The plaintiff's testimony shows that he, in good faith, boarded a regular passenger train on appellant's road at Jefferson; that he paid to the conductor the fare demanded by the latter from Jefferson to Sulphur Station, a regular station upon appellant's road, but at which the train in question was not in the habit of stopping, and the rules of the railway company forbade its stopping at that station. However, these rules were unknown to the plaintiff, and the conductor agreed to stop the train at or near that station for the plaintiff and two other passengers similarly situated to get off. According to the testimony submit-

ted by the plaintiff, when the train reached a bridge near Sulphur Station it slowed up to a speed of about four miles an hour. The plaintiff and the other two passengers referred to, went out on the rear platform, followed by the conductor. The other two passengers alighted with safety from one side of the platform. The plaintiff was upon the other side standing upon the lower step; and, according to his testimony, the conductor told him repeatedly to get off. At first he declined to do so, because there were some scantlings piled on the ground, but he finally attempted to get off, and about the time he did so the train gave a sudden jerk and threw him to the ground, by which fall he sustained the injuries complained of.

The burden of appellant's contention is that under the circumstances stated the conductor had no authority to make a contract for the train to stop at Sulphur Station, or where it did, and the trial court erred in holding that he had such authority.

We have no doubt whatever of the correctness of the ruling referred to. We find no merit in the appeal and affirm the judgment. Hull v. Railway, 66 Texas, 619; Railway v. Anderson, 82 Texas, 520; Railway v. Frazer, 40 Pac. Rep., 924; Randolph v. Railway, 18 Mo. App., 609.

*Affirmed.*