### TEXAS & PACIFIC RAILWAY COMPANY v. B. A. CROCKETT.

#### Decided December 7, 1901.

**1.—Negligence—Pleading in Action for Personal Injury—Jumping from Moving Train.**

Where in an action for personal injuries, the petition alleged that the train was moving rapidly at the time plaintiff, who had assisted his wife to find a seat, jumped off in the dark; that he was unable to see how fast it was moving or where he would alight, but that the train was still at the station where passengers get on and off, and that he supposed that it was moving slowly, no lights being placed whereby he could estimate the speed,—a general demurrer to the pleading, urged on the ground that it showed plaintiff was guilty of negligence in jumping from the train under the circumstances alleged, was properly overruled, as it was for the jury to determine whether a man of ordinary prudence and care would have reasoned and acted as plaintiff did.

**2.—Same—Evidence.**

It was competent for plaintiff to testify that the train was not going very fast at the time he jumped off, and that he thought he could get off safely.

**3.—Same.**

Plaintiff was entitled to prove, as a fact tending to show that the train did not stop for a reasonable length of time to allow passengers to get on, that another person was at the station the same morning and bought a ticket for the same train, and before he could get on it pulled out and left him.

**4.—Same.**

That other persons who had attended ladies into the train jumped off just before and in the presence of plaintiff and were not injured, could be shown, since this fact tended to produce the conclusion in plaintiff's mind that the train was not moving rapidly and that he might safely jump.

**5.—Same—Notice of Custom.**

There was no error in permitting a witness to testify that on the same morning he attended a passenger to the train, and seated her at the same time plaintiff seated his wife, and that two or three times before he had done the same with other pasengers, as this tended to establish that such was the custom there, and to show notice of such custom to the agent in charge of the train.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

*H. C. Shropshire,* for appellant.

*Martin & Martin,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is a suit for damages for personal injuries alleged to have been received by the appellee, Crockett, in jumping from one of appellant's passenger trains at Weatherford, Texas, upon which he had gone to procure seats for his wife and children, who were passengers. He alleged that the train arrived at Weatherford about an hour before daylight; that it was dark and the depot grounds and places where passengers alighted from the train were not lighted; that he procured a ticket for his wife, his children, being aged 3 and 5 years respectively, were not required to pay fare, and went aboard the train with them to procure seats for them; that about the time he found seats for them the train started, and he turned and hurriedly made his way to the platform, and believing that the train was moving slowly, and there being no lights outside to enable him to see how fast it was moving, he jumped off to the ground, and by reason of the rapid speed of the train he was thrown on his face and head and was painfully injured, and his nose was broken and some of his teeth were broken and knocked out.

The defense was general demurrer, general denial, and contributory negligence in jumping from a rapidly moving train in the dark.

The case was tried by a jury, and verdict and judgment went in plaintiff's favor for $330, and from that judgment this appeal is taken.

The evidence was sufficient to establish that Crockett's wife and children went aboard the east-bound train as passengers, and that he went with them, carrying one of the children in his arms, to assist them in getting seats; that he failed to find seats for them in the first coach he entered and continued back into the next one, and about the time he was passing over the platform from one coach to another the train started, but he went on into the second coach and found a seat for his wife but none for the children, and, telling his wife she must find seats for the children, as the train was moving out, he hurried to the platform behind two gentlemen who had gone aboard for similar purposes, and after they had jumped from the platform, he jumped also. They were not injured, but Crockett was, as above stated. It was dark where and when he jumped, though it was at a place where passengers alight from and go aboard the trains when going westward. The evidence was conflicting as to whether the grounds were lighted there or not, but was sufficient to establish that they were not. The evidence was conflicting as to whether the train remained standing a reasonable length of time,— sufficient to enable passengers to alight and go aboard and allow escorts of ladies and children to seat them and get off the train,—but was sufficient to authorize the jury to find that it did not. It was proved that the train, at the time Crockett jumped, was moving at from six to twelve miles an hour, but that it was dark where he jumped, and it was sufficient to establish that he did not know it was moving so fast at the time he jumped, but believed it was moving slowly and that he might with safety jump therefrom. The evidence was sufficient to warrant the jury in concluding that a man of ordinary prudence and care under

the same or similar circumstances would have jumped, as Crockett did. The injury and suffering warranted the amount of the verdict.

Appellant's counsel urge that the general demurrer to plaintiff's petition ought to have been sustained, because the petition showed that the plaintiff was guilty of negligence in jumping from the train while it was rapidly moving in the dark when he was unable to see how fast it was moving, or where he would alight. But the answer to this is that he also alleges that the train was still at the station and where passengers get on and off, and that he supposed and believed it was moving slowly, and no lights were placed there whereby he could estimate the speed thereof. We think this made it a question of fact to be tried by the jury—whether a man of ordinary prudence and care under such curcumstances would have reasoned about it and concluded as he did. It did not allege such facts as a court could declare, as matter of law, constituted negligence, and, unless it did so, it was not subject to demurrer.

In Railway v. Dorough, 72 Texas, 111, Justice Gaines said in a case where the plaintiff was injured in attempting to board a moving train: "Whether the attempt to board a train under the circumstances disclosed by the evidence in this case is negligent or not, is a matter of fact to be left to the jury. The general charge instructed the jury, in this case, that if the 'plaintiff attempted to board defendant's train while in motion, and when an ordinarily prudent man would not have made the attempt,' he could not recover. This clearly and sufficiently presented the issue of contributory negligence." 4 Elliott on Railroads, sec. 1628. It was competent for the plaintiff to testify "that the train was not going very fast at the time he jumped off, and that he thought he could get off safely."

The third, fourth, and fifth assignments of error complain of the admission of the evidence of plaintiff and two other persons, who each testified that at the steps of the coach "the plaintiff kissed his wife and children and told them good-bye, and asked his wife to write him." The objection being that these acts and declarations were immaterial and irrelevant, unless done and spoken in the presence of appellant's agents having charge of the train, that is, the conductor. The three witnesses who so testified also stated that this occurred in the presence of the conductor of the train. This latter statement was sharply contradicted by the conductor and brakeman and train porter, and perhaps also by circumstances. But conceding that the evidence was not material and relevant, unless the acts and declarations took place in the presence of the conductor, there was evidence tending to show that the conductor saw and heard it all, whatever might be the legal consequences of such knowledge.

The same witnesses were permitted to testify that a gentleman named Long was at the depot that morning and bought a ticket for that train, and before he could get on it it pulled out and left him. This was a

circumstance tending to prove, though very slight indeed, that the train did not stop for a reasonable length of time to allow passengers to get on.

There is no merit in the ninth assignment.

There was no error in admitting the evidence that other persons who had attended ladies on the train jumped off just before and in the presence of plaintiff. The evidence showed that they were not injured, and this fact tended to produce the conclusion in plaintiff's mind that the train was not moving rapidly, and that he too might jump with safety.

There was no error in permitting Mr. Moreland to testify that he had attended his mother on the train that morning and seated her at the same time plaintiff seated his wife and children, and that two or three times before he had done the same thing with other passengers. It tended to establish that such was customary at that depot, and to that extent tended to show notice to the agents in charge of the train, of such custom.

There is no merit in the fourteenth and fifteenth assignments.

The special charges referred to in the sixteenth and seventeenth assignments of error were sufficiently given in the main charge, and there was no error in refusing them.

The assignments complaining of the charge are all overruled. We find it a clear and fair and full statement of the law governing the case.

The motion for new trial was properly overruled, and finding no error in the judgment, it is affirmed.

*Affirmed.*