GALVESTON, H. & S. A. RY. CO. v. KRENEK.

(Court of Civil Appeals of Texas. Austin. June 14, 1911. Rehearing Denied July 1, 1911.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT—CONCLUSIVENESS.
   A verdict upon conflicting evidence is conclusive on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS—PERSONAL INJURY—NEGLIGENCE OF CARRIER.
   As a train approached a switch station the negro porter told a passenger who was to alight there to "come on," and when the passenger got to the doorway told him to go ahead. The vestibule of the car was open, and the negro told him to "hurry up," and the passenger, although the train was moving, jumped. Held, that the porter was negligent.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1224–1243; Dec. Dig. § 303.*]

3. CARRIERS (§ 333*)—CARRIAGE OF PASSENGERS—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.
   It is not negligence per se for one to alight from a moving train, but the question of negligence depends upon the circumstances of the case, such as the speed of the train, and the instructions of those in charge thereof.
   [Ed. Note.—For other cases. see Carriers. Cent. Dig. §§ 1385–1397; Dec. Dig. § 333.*]

4. NEGLIGENCE (§ 136*) — ACTIONS — QUESTIONS FOR JURY.
   In an action based on negligence, unless controlled by the statute, the question of negligence is one of fact for the jury, unless the facts are such that reasonable minds could come to but one conclusion.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from District Court, Fayette County; L. W. Moore, Judge.

Action by Albert Krenek against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, Brown & Lane, and J. S. McEachin, for appellant. C. E. Nesrsta and L. D. Brown, for appellee.

JENKINS, J. 1. Appellee sued appellant for damages for personal injuries alleged to have been received by reason of the negligence of appellant in causing appellee to jump from its moving train. Appellant, in addition to a general denial, alleged contributory negligence on the part of appellee. There was a trial before a jury resulting in a judgment for appellee for $500. No issue is made in this court as to the extent of appellee's injuries, nor as to the amount of the judgment, if appellant's liability is shown.

[1] 2. If the testimony in behalf of appellant is true, no cause of action is shown, first, because appellee voluntarily, and without any request or suggestion from appellant's servants, attempted to alight from a moving train at a place other than a regular stopping place, and his own reckless act was the sole proximate cause of his injury; second, that the train was moving with such rapidity, and the danger was so apparent, that no ordinarily prudent man would have done as he did, and therefore he was guilty of contributory negligence. The evidence was sufficient to have supported appellant's contentions.

3. On the other hand, if appellee's evidence be true, we cannot say that it would not support a verdict in his behalf. The material part of appellee's evidence is as follows: "When we approached Pierson Switch * * * I got up and stood in my seat in the car. * * * The negro porter was opening the door and calling, 'Come on! Come on!' I saw the negro beckoning me to come on, and when I got to the door he told me to get ahead of him, and said, 'Hurry up.'

When he told me this, I was on the platform, near the door of the coach. The vestibule door or gates of the left side of the car were open. When the negro told me to go ahead, I stepped on the first step and then on the second, and the negro who stood behind me said, 'Hurry up,' and I jumped and tried to get away from the train. The train was moving slowly, and I did not know it was dangerous for me to jump off of the moving train. * * * The negro stood behind me and urged me to get off." The evidence indicates that appellee had had but little experience in riding on trains. Evidence on behalf of appellant shows that the porter had pulled the bell cord, which was a signal for the train to stop to let passengers off, and that the air had been applied for the purpose of stopping the train.

The jury, under appropriate instructions as to the issues thus raised, returned a verdict in favor of appellee, the effect of which was to find that appellee's testimony was true. It often occurs to appellate courts from reading the printed record that the preponderance of the evidence was against the verdict, and yet, had the judges of such courts sat in the jury box and heard the witnesses and observed their manner of testifying, they might have come to the same conclusion as did the jury that tried the case. One witness may give testimony that reads in print as if falling from the lips of an angel of light, and yet not a soul who heard it believed a word of it; on the other hand, a witness may testify so that it reads brokenly and obscurely in print, and yet there was that about the witness that carried conviction of truth to every soul who heard him testify. The furtive glance, the blush of conscious shame, the hesitation, the sincere or flippant tone, the heat, the calmness, the yawn, the candor, or the lack of it, the scant or full realization of the solemnity of an oath, the brazen face of the liar, the glibness of the schooled witness, the overeagerness of the swift witness, the honest face of the truthful one," all of these matters are open to the observation of the jury, but cannot be transferred to the written page of the record. Hence it is well established that appellate courts will not set aside a judgment upon the sole ground that the verdict may appear to them to be against the preponderance of the evidence. Chase v. Veal, 83 Tex. 333, 18 S. W. 597; Railway Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80.

[2] 4. The porter's conduct, as related by appellee, constituted negligence on the part of appellant.

[3] 5. It is well settled in this state that the attempt to alight from a moving train is not negligence per se. Whether it be or not depends upon the circumstances of the case. One important circumstance would be the speed at which the train was moving. The appellee testified in this case that the train was moving slowly. Another circumstance proper for the consideration of the jury would be the instructions, if any, of those in charge of the train, directing the exit of passengers, or assuming to do so. Railway Co. v. Whiteley, 43 Tex. Civ. App. 346, 96 S. W. 109; Kansas & G. S. L. Ry. Co. v. Dorough, 72 Tex. 112, 10 S. W. 711; Railway Co. v. Vining, 30 S. W. 252; Railway Co. v. Bingham, 2 Tex. Civ. App. 278, 21 S. W. 569; 6 Cyc. 639. Appellee was a foreigner, and the evidence indicates that he was not accustomed to riding on trains, for which reason the jury might have concluded that he was the more likely to have obeyed the orders of the porter, and less likely to have realized the danger of doing so.

[4] 6. Unless controlled by statute, or that facts proven are such that rational minds could come to but one conclusion, negligence is a fact to be determined by the jury from the evidence in the case. Railway Co. v. Smith, 59 Tex. 407; Mills v. Railway Co., 94 Tex. 242, 59 S. W. 879, 55 L. R. A. 497; Railway Co. v. Murphy, 46 Tex. 356, 26 Am. Rep. 272.

The other assignments of error have been carefully considered, and we do not think that appellant was prejudiced by the matters complained of.

For the reasons above given, the judgment of the trial court is affirmed.

Affirmed.