TRINITY VALLEY & N. RY. CO. v. GREEN.
(Court of Civil Appeals of Texas. Galveston. Feb. 19, 1913.)

1. CARRIERS (§ 347*)—PASSENGERS—INJURIES—CONTRIBUTORY NEGLIGENCE.

Where, after failing to stop a train at plaintiff's station, the conductor encouraged plaintiff to jump from the train while it was moving, saying that he, the conductor, could "step off backwards," and that it was safe for plaintiff to jump, plaintiff's contributory negligence in so doing was for the jury, in an action for resulting injuries.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346–1397, 1402; Dec. Dig. § 347.*]

2. DAMAGES (§ 131*)—EXCESSIVE DAMAGES—PERSONAL INJURIES.

Plaintiff in jumping off a passenger train fell, bruising his face, breast, and stomach somewhat, but walked without difficulty to his home, three-fourths of a mile away, ate dinner, and went to bed, where he was confined for three days, and suffered some pain at first, but his injuries were slight. He suffered no other loss. Held, that a verdict for $487.50 was excessive, and would be reduced to $300.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370, 371; Dec. Dig. § 131.*]

Appeal from Liberty County Court; J. B. Simmons, Judge.

Action by Alvin Green against the Trinity Valley & Northern Railway Company. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellant. Marshall & Harrison, of Liberty, for appellee.

REESE, J. Alvin Green on June 9, 1911, was a passenger on a train of the Trinity Valley & Northern Railway Company, having paid his fare from Fouts to Perkins, distant 2½ miles. The conductor knew his destination was Perkins, which was a flag station, and it was his duty to stop the train at that point a sufficient time to allow plaintiff to alight therefrom, and plaintiff requested him to stop, but he did not do so, claiming that "the air was not connected." He also tried to signal the engineer, but could not do so. The conductor told plaintiff that he would either have to jump off, or ride down to a crossing, about a mile and a quarter further on. Plaintiff did not like to jump off. A companion, who was with him, got off safely. The conductor told plaintiff that he, the conductor, could "step off backwards," and that it was safe for him to get off. The evidence justifies the conclusion that plaintiff hesitated about trying to get off of the moving train, that he was afraid it was not safe to do so, and that the conductor encouraged him to get off, and told him that he could safely do so. They were standing at the time together at the rear of the car. Plaintiff stepped or jumped off of the moving train, and in doing so was thrown or fell on his face, bruising his face, breast, and stomach. Eight days thereafter he brought this suit in the county court to recover damages, laid at $975, for his injuries. Defendant pleaded general denial and contributory negligence. The case was tried with the assistance of a jury, the trial resulting in a verdict and judgment for $487.50. The defendant moved for a new trial, which was overruled, and prosecutes this appeal.

The facts were as herein stated. The case

was submitted to the jury in a proper charge. The objections to the charge in the third assignment of error are not tenable. The court did not err in refusing to instruct the jury to return a verdict for defendant as set out in the first and second assignments.

[1] The appellee was not guilty of contributory negligence as matter of law in jumping from the moving train. If he had done so without any suggestion, express or implied, from the conductor or other operatives of the train, the case would fall within the cases of St. L. S. W. Ry. Co. of Texas v. Highnote, 99 Tex. 23, 86 S. W. 923, and T. & N. O. R. R. Co. v. Wallace, 139 S. W. 1052, cited by appellant, in both of which stress is laid upon the fact that the plaintiff acted in obedience to his own judgment and without suggestion from any person connected with the operation of the train. The facts bring the case within the rule announced in the following cases: Railway Co. v. Dorough, 72 Tex. 108, 10 S. W. 711; Railway Co. v. Bingham, 2 Tex. Civ. App. 278, 21 S. W. 569; Railway Co. v. Woods, 15 Tex. Civ. App. 613, 40 S. W. 846; Railway Co. v. Rhoades, 21 Tex. Civ. App. 459, 51 S. W. 517; Railway Co. v. Elliott, 26 Tex. Civ. App. 106, 61 S. W. 726; Railway Co. v. Shelton, 69 S. W. 653, cited by appellee. The issue of contributory negligence was properly submitted to the jury, and the evidence is sufficient to support the verdict.

[2] By appropriate assignment of error, appellant complains that the verdict is excessive. We think the assignment must be sustained. We are fully aware of what has been so often said by the Supreme Court, and other Courts of Civil Appeals, on this point, and it is with hesitation that we interfere with a verdict of a jury on this ground, in view of the rule laid down by the courts. But, notwithstanding such rule, sometimes a case is presented in which we cannot approve of the amount of the verdict, on the ground that it cannot be accounted for by any reasonable view of the evidence. This seems to us to be a case of that kind. Giving full credence to the testimony of appellee and his mother, his injuries were certainly not serious, were in fact slight. He suffered some pain at first, and was confined to his bed for three days. He walked without difficulty from the place where he fell to his home, three-fourths of a mile. He went in and ate his dinner, and then went to bed. His injuries were in fact, according to his own testimony and that of his mother, slight, and whatever inconvenience or bad feeling there was as a result disappeared in a very few days. The physical suffering was not sufficient to induce any amount of mental suffering. Loss of time negligible, and of earning capacity, even temporary, nothing. In our opinion, under no view of the evidence, can the amount of

the recovery, $487.50, be justified. If appellee will file with the clerk of this court within 15 days a remittitur of $187.50, the judgment will be reformed for $300, otherwise it will be reversed and the cause remanded.

Reformed and affirmed.