**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WOODALL.**

(Court of Civil Appeals of Texas. June 28, 1913. Rehearing Denied Oct. 11, 1913.)

1. CARRIERS (§ 280*)—CARRIAGE OF PASSENGERS — ACTIONS FOR INJURIES — INSTRUCTIONS—DEGREE OF CARE.

An instruction that a carrier of passengers is required to exercise the highest degree of care possible for the safety of its passengers is not erroneous as demanding a higher degree of care than is required by law.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1103, 1105, 1106, 1109, 1117; Dec. Dig. § 280.*]

2. CARRIERS (§ 303*)—CARRIERS OF PASSENGERS—PERSONAL INJURIES—SETTING DOWN PASSENGERS.

Where a passenger on a train, which was not scheduled to stop at his destination, paid the conductor for transportation to the next station beyond, and then, when the train was flagged at his destination, on the invitation of the conductor attempted to leave the train and was injured, the carrier was liable, if the conductor was negligent in not providing a safe place for him to alight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240, 1243; Dec. Dig. § 303.*]

Appeal from District Court, Dallas County; E. B. Meese, Judge.

Action by John R. Woodall against the St. Louis Southwestern Railway Company of Texas and another. Judgment for plaintiff against the St. Louis Southwestern Railway Company of Texas, which appeals. Affirmed.

E. B. Perkins and D. Upthegrove, both of Dallas, for appellant. Allen & Allen, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellee against appellant and the Houston & Texas Central Railroad Company to recover penalties for overcharges and also to recover damages against appellant for personal injuries received by him in alighting from appellant's train at Brownsboro, Tex. A trial resulted in a verdict and judgment in favor of both roads on the issue of overcharges and in favor of appellee against appellant for damages in the sum of $300 for personal injuries sustained in alighting from the train, and the St. Louis Southwestern Railway Company appeals.

[1] The facts, briefly stated, are that appellee purchased from the agent of the Houston & Texas Central Railway Company at Dallas, Tex:, on March 27, 1910, a ticket over said railway from Dallas to Corsicana, Tex., and thence over the line of this appellant to Brownsboro, Tex.; that appellee rode on said ticket to Corsicana and then took the night train of appellant, which was a through or limited train, and did not stop at Brownsboro, and appellee was so advised by the conductor, and when said train reached Brownsboro it was flagged by a freight train, and it was necessary for the passenger train to stop because the side track at that point was not long enough to hold the freight train, and it was necessary for the passenger train to "saw by" the freight train. When the train stopped the conductor told appellee that the train had stopped at Brownsboro and that he would let him off. Appellee followed the conductor to the end of the car, and, the train being vestibuled, the conductor opened the door and said, "Now you can light." Appellee looked out and thought he was at the depot. He had two grips and it was further to the ground than he thought. He struck the ground and tried to hold the grip, and in making the next step he landed in a pile of railroad iron, cross-ties, etc., and was injured.

The trial court in the fourth and fifth paragraphs of his charge instructed the jury as follows:

(4) "On the claim of plaintiff for damages for personal injuries, you are instructed that railway companies, as carriers of passengers, are required to exercise the highest degree of care possible for the safety of their passengers, both while they are being carried on its trains and while alighting therefrom, and a failure to exercise such care is negligence. They are not, however, to be regarded as insurers of the safety of their passengers."

(5) "Negligence is the failure to do what a reasonable and prudent person would have done under the same or similar circumstanc-

es, or doing what such a person would not have done under the same or similar circumstances."

The proposition of appellant is: "Carriers of passengers are required to use that high degree of care for their safety as very competent, cautious, and prudent persons would exercise under the same or similar circumstances, and it is error for the court to charge the jury that such carriers are required to exercise the highest degree of care possible for the safety of their passengers for the reason that such charge demands a higher degree of care than that required by law." The contention that the charge demands a higher degree of care than that required by law we do not think is sustained by the authorities. Gallagher v. Bowie, 66 Tex. 26, 17 S. W. 407; Railway Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; 2 Hutchinson on Car. (3d Ed.) § 896.

In Gallagher v. Bowie, supra, where plaintiff's wife was injured by the negligence of a carrier of passengers by stage, our Supreme Court held an instruction that it was the duty of carriers to employ a competent driver, and of the driver to use the "utmost care" for the safety of the passengers, stated the degree of care exacted by the law of carriers of passengers.

In Railroad Company v. Horst, supra, where a party was injured while traveling on a cattle train, it was held by the Supreme Court of the United States that an instruction "that a person taking a cattle train is entitled to demand the highest possible degree of care and diligence, regardless of the kind of train he takes," was not error.

Hutchinson on Carriers, § 806, speaking on the subject of degree of care required of passenger carriers, says: "Although the form of expression is sometimes varied, and the rule is stated as requiring 'the utmost diligence of very cautious persons,' 'the greatest possible care and diligence,' 'the most perfect care of a cautious and prudent man,' and other similar phrases, the real meaning intended by them all is that the care and circumspection to be required is the utmost which can be exercised under all the circumstances, short of a warranty of the safety of the passengers."

The degree of care imposed by the charge of the court is no greater than that laid down by the authorities cited; therefore the contention of appellant is not concurred in by this court.

[2] Nor do we agree with the appellant that it was under no contractual obligation to let appellee alight from the train at Brownsboro, and that the only duty owing was the use of ordinary care not to willfully injure appellee. Appellant had contracted with appellee to transport him to Brownsboro; and, while it might have been excused for not stopping and carrying appellee to the next station, it did stop, and it was the duty of appellant to use proper care to provide appellee with a safe place to alight. Being a passenger, appellee was entitled to receive the care stated by the court until he ceased to be a passenger. The court did not assume that the place where appellee alighted was an unsafe place but correctly left that question to the jury.

Appellant had the right to make time schedules for the running of its trains and was not obligated to stop at Brownsboro to put off passengers, but the evidence shows that, when the conductor first came around after leaving Corsicana, he took up appellee's ticket and canceled it; then, after waiting about one-half hour, he returned and informed appellee that the train would not stop at Brownsboro, and that appellee would have to get off at Athens. When the train reached Athens appellee paid the conductor a cash fare to Chandler, a station beyond Brownsboro. He was then evidently a passenger on the last contract and so remained until he got off the train at Brownsboro at the invitation of the conductor, and under this contract it cannot be said that he was wrongfully on the train or that the appellant was relieved from the duty of furnishing a safe place for him to alight. Railway Co. v. Elliott, 26 Tex. Civ. App. 106, 61 S. W. 726. We think the court correctly charged the jury and did not err in refusing the charges requested.

The judgment is affirmed.