**FORT WORTH & D. C. RY. CO. v. LOVETT et ux. (No. 2332.)**

(Court of Civil Appeals of Texas. Amarillo. May 21, 1924. Rehearing Denied June 18, 1924.)

1. **Trial** ⚖️351(5)—**Failure to submit issue as to causing brakeman to allow plaintiff to alight at place of injury held not error.**

In action for injuries to passenger in alighting from train, failure to submit issue whether plaintiff's request caused brakeman to allow her to alight at time and place of injury *held* not error; facts shown being evidentiary and not conclusive of question of negligence as matter of law, while issue of contributory negligence was fully submitted in special issues answered favorably to plaintiff.

2. **Negligence** ⚖️122(1)—**Burden of issue of contributory negligence on defense.**

Burden of proof, on whole case, is on plaintiff, in action for injuries, but burden is on defendant tendering special issues presenting affirmative defense, such as contributory negligence, to prove it by preponderance of evidence.

3. **Appeal and error** ⚖️273(6) — **Error in charge not excepted to in writing on ground stated not considered.**

Alleged error in charge that burden was on defendant to prove contributory negligence cannot be considered where charge was not excepted to in writing on such ground.

4. **Trial** ⚖️215—**General charge as to degree of care required held not error because case submitted on special issues.**

General charge as to degree of care required of carrier for passengers' safety *held* not error because case was submitted on special issues; charge being definition, which court made no attempt to apply to facts of case.

5. **Trial** ⚖️232(5)—**"Legal definitions" must sum up result of all judicial experience as found in cases of class defined.**

Legal definitions are usually inductive generalizations, derived from judicial experience, and, to be complete and adequate, must sum up result of all that experience as found in special cases of class defined (quoting Words and Phrases, First Series, "Legal Definition").

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by C. A. Lovett and wife against Fort Worth & Denver City Railway Company. Judgment for plaintiffs and defendant appeals. Affirmed.

For opinion on former appeal, see 243 S. W. 519.

Thompson, Barwise & Wharton, of Fort Worth, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

RANDOLPH, J. This is a suit to recover damages for personal injuries, alleged to have been suffered by the plaintiff, Mrs. Lovett, and is the second appeal in the case. 243 S. W. 519.

The case is fully stated in the former opinion and need not be restated except in such matters as are incidental to the questions disposed of herein. Appellant's proposition No. 1 presents the alleged error that the court erred in refusing to peremptorily instruct a verdict for the defendant, for the reason that the undisputed facts in the case show that the brakeman was not acting within the scope of his authority in allowing Mrs. Lovett to alight from the train at the time and place when she was injured. This question was ruled on adversely to appellant's contention in the former opinion and we do not think that holding was erroneous. In addition to the decisions cited in the former opinion we also cite Railway Co. v. Meyers, 62 Fed. 367, 10 C. C. A. 485; Mensing v. Ry. Co., 4 Am. Negl. Rep. 650; T. & P. Ry. Co. v. Whitely, 43 Tex. Civ. App. 346, 96 S. W. 109.

[1] The error assigned in proposition No. 2 is that Mrs. Lovett having requested of the brakeman that she be permitted to alight at the time and place in question, her request raised the issue that she brought about the act of the brakeman, and that the court in failing to submit issue No. 1 ignored a material issue, and which bears on the question of negligence vel non and on contributory negligence.

Mrs. Lovett spoke to the brakeman about getting off at Scotland Addition. Subsequently she was informed by the brakeman that the train was not going to stop there but was going to stop on the other side of the river. On approaching the place indicated the brakeman took her grip and called to her to hurry and going into the vestibule jumped off the train, and she followed him and there received the injury complained of.

The facts stated are evidentiary and do not as a matter of law conclude the question of negligence. Whether Mrs. Lovett's request was such as to authorize the brakeman to let her off the train at the time, place and in the manner in which he did entered into the question of whether or not Mrs. Lovett was guilty of contributory negligence. The issue of contributory negligence was fully submitted to the jury by the trial court's submission to them of appellant's special issues covering every conceivable combination of facts existing which might constitute contributory negligence on her part, and every such issue was answered favorably to appellee, Mrs. Lovett.

[2] The error assigned that the court erred in charging the jury that the burden of proof was upon the defendant to prove by a preponderance of evidence its defense of contributory negligence cannot be sustained by us. The burden of proof on the whole case

is upon the plaintiff, but upon special issues tendered by defendant presenting an affirmative defense, such as contributory negligence, the burden of proof is upon the defendant to prove such defense by a preponderance of the evidence. Railway Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386.

[3] But if this had been an erroneous charge the matter could not be considered by us when raised for the first time in this court. The charge of the court was not excepted to in writing upon this ground. G T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Payne v. Harris (Tex. Com. App.) 241 S. W. 1010; Thomason v. Hawley (Tex. Civ. App.) 242 S. W. 524; Schaff v. Wright (Tex. Civ. App.) 251 S. W. 516.

[4] Error is assigned upon the giving of paragraph 3 of the court's charge, for the reason that the case was submitted upon special issues, and paragraph 3 amounting to a general charge, such charge was error. Paragraph 3 complained of is as follows: "It was the duty of defendant's agents and servants in charge of the train, to use, for the safety of the passengers thereon, such high degree of care as would be used by cautious, prudent and competent persons under similar circumstances, and a failure to use such care would be negligence. Bearing in mind the foregoing definition, please answer the following special issues," and then sets out the special issues submitted.

[5] To sustain their contention that this is error we are referred to the following authorities by appellant: T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Ft. W. & D. C. Ry. Co. v. Amason (Tex. Civ. App.) 239 S. W. 359; Ft. W. & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 255 S. W. 674. In these cases the charges complained of applied the law as therein declared to the facts, or a fact, in the case and thereby intimated to the jury what they should find. The charge complained of here is called by the trial court a "definition"; and such we think it ought to be denominated. The trial court told the jury in substance, that the failure on the part of the defendant to use such high degree of care as would be used by cautious, prudent and competent persons under similar circumstances would be negligence, and made no attempt to apply it to the facts of the case. "Legal definitions are for the most part inductive generalizations, derived from judicial experience, and in order to be complete and adequate they must sum up the result of all that experience, as they are to be found in the special cases that belong to the class to be defined." 2 Words and Phrases, First Series, 1946. Judged by this standard, paragraph 3 is clearly a definition.

Under our view of the controlling ques-

tions in this case and which we have discussed, and also having examined carefully each proposition presented in appellant's brief and finding no error, we affirm the judgment of the trial court.