TRAVIS WALLING v. TRINITY & BRAZOS VALLEY RAILWAY COMPANY.

Decided November 30, 1907.

### 1.—Evidence—Res Gestae—Bill of Exception—Presumption.

Where a bill of exception to the exclusion of testimony as to a conversation concerning a personal injury after the occurrence of the same, fails to show what objection was made to the testimony or what length of time had elapsed between the time of the injury and the conversation, it will be presumed that the court acted properly in excluding the testimony.

### 2.—Personal Injuries—Defective Car—Subsequent Condition—Evidence.

Where plaintiff's injuries were caused by falling or being thrown from the steps of a passenger coach because of alleged defective condition of the steps, testimony as to the condition of the steps a year after the injury, is irrelevant, in the absence of testimony that the steps were in the same condition on the two occasions.

### 3.—Same—Minor—Discretion—Negligence—Charge.

In a suit by a child of tender years against a railroad company for damages caused by falling or being thrown from the rear platform of a railway train while standing on the same, charge considered, and held to conform to the case made by plaintiff's pleading, and not subject to the objection that it required of plaintiff a greater degree of care than required by law.

### 4.—Minor—Intelligence and Discretion—Presumption.

The law presumes that a minor fifteen years of age has sufficient intelligence and discretion to be sensible of the danger of riding upon the platform of a car, and the burden is upon him, in a suit for personal injuries resulting therefrom, to show that he was lacking in such discretion and intelligence.

### 5.—Railroads—Passenger—Riding on Platform—Charge.

In a suit for personal injuries to a minor caused by falling from the platform of a railroad coach while riding thereon, a charge to the effect that if the plaintiff had intelligence enough to know and understand that it was more dangerous to ride on the platform or on the steps of the coach than it was to ride on the inside thereof, then no duty devolved upon the defendant railway company to prevent him from riding on the platform or steps of the coach, held proper under the pleading and evidence.

### 6.—Same—Same—Assumed Risk.

Where, by the pleading and evidence, the issue is raised as to whether or not plaintiff had sufficient intelligence and discretion to understand the dangers incident to riding on the platform of a railway coach, and as to whether or not he knew the defective condition of the platform and roadbed, it was proper for the court to tell the jury that if plaintiff did know of such conditions he assumed the risk arising from his conduct, unless he lacked sufficient intelligence to appreciate the danger incident thereto.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*W. E. Spell,* for appellant.—The court erred in excluding from the jury the testimony of the plaintiff, Travis Walling, relative to the condition of the steps of the coach, from which steps the said defendant was thrown. Ft. Worth, etc., Ry. Co. v. Wilson, 3 Texas Civ. App., 583; Galveston, etc., Ry. Co. v. Newport, 26 Texas Civ. App., 583; Birmingham U. R. R. Co. v. Alexander, 9 So. Rep., 525; Dyson

v. New York & N. E. R. R. Co., 17 Atl. Rep., 137; Powers v. Boston & M. R. R. Co., 56 N. E. Rep., 710; Galveston, etc., R. R. Co. v. Bohan, 47 S. W. Rep., 1050; Wigmore on Evidence, secs. 437, 438.

The second paragraph of the court's charge required of plaintiff a greater degree of care than was required by law, because even if plaintiff knew the condition of the track, being a youth of tender years, and he further knew that the track was faulty and defective, the law only required of him such care as a person of ordinary prudence of his tender years would have exercised under the same or similar circumstances; whereas the charge in question required the jury to believe the plaintiff knew nothing of the condition of the track or its defective condition before the said accident, and, unless they did so believe, the said defendant was due the plaintiff no consideration whatever. Evansich v. Gulf, C. & S. F. Ry. Co., 57 Texas, 128; St. Louis, etc., Ry. v. Christian, 8 Texas Civ. App., 246; Texas, etc., Ry. v. Hall, 83 Texas, 683; Texas, etc., Ry. v. Fletcher, 6 Texas Civ. App., 736; Houston & T. C. Ry. Co. v. Boozer, 2 Posey U. C., 455; Texas & P. Ry. Co. v. Phillips, 91 Texas, 281.

The court erred in giving to the jury defendant's special charge No. 8. This charge placed a greater burden upon the plaintiff than is imposed by law; and the same is further erroneous in that the jury were instructed that the defendant owed the plaintiff no duty provided the said plaintiff had intelligence enough to know and understand that it was more dangerous to ride on the platform and steps of the coach than to ride on the inside thereof, because, notwithstanding the degree of the plaintiff's intelligence, the defendant was bound under the law to use ordinary care to prevent any injury to its passengers. Texas, etc., Ry. Co. v. Miller, 79 Texas, 78; Townes on Torts, 85 and 86, and cases cited there; Texas & P. Ry. Co. v. Phillips, 91 Texas, 281.

*Andrews, Ball & Streetman* and *Morrow & Smithdeal,* for appellee.

BOOKHOUT, Associate Justice.—The plaintiff in this case, by next friend, A. D. Walling, sued The Trinity & Brazos Valley Railway Company to recover damages for injuries alleged to have been sustained by him through defendant's negligence while riding as a passenger upon defendant's passenger train between the stations of Malone and Bynum. Plaintiff alleged damages in the sum of $20,000, and based his right to recover upon the following allegations, to wit: That on or about the 27th day of April, 1904, he was a passenger on defendant's passenger train between the stations of Malone and Bynum; that on boarding said train plaintiff took a position on the rear platform of the train, which position he kept continuously until the time of the injury complained of; that the plaintiff at that time was a youth of tender years, being about fifteen years of age, and had never prior to that time been upon the train of defendant company, and had never ridden on the track of said company between the aforesaid stations; that at the time plaintiff took his position upon the platform of the car he did not know of the condition of the track, but believed, and relied upon it as a fact, that the railway company had

properly constructed and was properly maintaining said track, and that he had no knowledge whatever of any danger attending the position which he occupied on the train; that the conductor of the defendant company upon the train in question was a man of mature years, who had been long in the service of the company, and who was thoroughly familiar with the conditions of the cars and roadbed, and with the danger incident to the passing over the tracks in question by a person occupying the position of the plaintiff; that the aforesaid conductor, although well knowing the condition of the tracks and the danger attendant upon riding over them by a person occupying the position of plaintiff, failed in every respect to notify or warn, or in any way disclose to this plaintiff the faulty and defective condition of the roadbed and the peril incident to the position occupied by the plaintiff, but, on the contrary, acquiesced in plaintiff's actions; that the track of defendant company over which plaintiff was passing at the time alleged was defective and faulty by reason of lack of ballasting and repair, and by the presence therein of "reverse curves," "low joints," etc., causing the train in question to rock and jerk in a violent manner; that the step upon the car on which plaintiff was riding was defective and out of repair, and the planks therein were split and broken in such a manner as to make it incapable of sustaining the weight of a person boarding or alighting from said car; that the defendant company was negligent in permitting the said track to be so constructed and maintained, and that because of the violent rocking and jerking of the car, as aforesaid, plaintiff was thrown or pitched from the train upon which he was riding and permanently and incurably injured by having one of his legs broken in such a manner as to make it permanently deformed, suffering intense physical and mental pain, all resulting in a greatly diminished earning capacity for the remaining years of his life.

The defendant answered with a general demurrer and a general denial, and further plead contributory negligence and assumed risk on the part of plaintiff.

A trial resulted in a verdict and judgment for defendant and plaintiff appealed.

It is contended, in the first assignment of error that the court erred in excluding from the jury the conversation and statements between Travis Walling, the plaintiff herein, and Mr. Baird, the conductor of defendant's train, which conversation and statements occurred after the said plaintiff had been thrown from defendant's train, and after the train had been backed to the point where the plaintiff fell, and after said plaintiff had been picked up and put on the car. The bill of exception, upon which this assignment is based, fails to show the objection made to the testimony or what length of time had elapsed between the time of the injury and the conversation, and for this reason it is insisted by the appellee that we are not authorized to consider the assignment. It is to be presumed that the trial court acted properly in excluding the testimony. The evidence was not admissible, unless it was *res gestae*. The burden was upon the appellant to show that it was admissible as *res gestae*. As the bill of exception fails to show the length of time be-

tween the injury and the conversation, it is not made to appear that the evidence was admissible. There was no error in excluding it.

Again, it is contended that the trial court erred in excluding from the jury the testimony of plaintiff relative to the condition of the steps of the coach in May or June, 1905. The injury took place on April 27, 1904, and the evidence, the exclusion of which complaint is here made, related to the condition of the steps in the months of May or June, 1905, after the injury. The plaintiff testified to his having examined the steps in the months of May or June, 1905. He testified that they were the same steps from which he was thrown, and offered to testify as to their condition in 1905, and would have testified "that one of the planks which formed the steps—the one that was fastened to the platform on the coach—was split the entire width of said plank, and that when you put your weight on the step by stepping thereon that it would give down as much as an inch or an inch and a quarter, thus forming a sharp inclined plane, causing one stepping thereon to be thrown forward by reason of the giving of the steps." He did not testify that the condition of the steps at the time of the injury was the same as when he made the examination in May or June, 1905. The steps may have been in good condition at the time of injury, and have become defective in the respects shown by this testimony after injury. The testimony was properly excluded.

There was no error, as contended in appellant's third assignment of error, in excluding the testimony of plaintiff that the condition of the steps in July and August, 1906, was the same as it was in May and June, 1905. The injury having occurred in April, 1904, the condition of the steps after that date was immaterial in absence of evidence that they were then in the same condition as at the date of injury.

The fifth assignment of error complains of paragraph two of the court's charge, which reads: "If you believe that the plaintiff was a youth of tender years, and knew nothing of the condition of defendant's track, and that the conductor in charge of said train knew that defendant's track was faulty and in a defective condition, and failed to notify the plaintiff of the danger, if any, attending the position which he occupied, and failed to notify the plaintiff of the condition of said track, and that the same was negligence, as hereinbefore defined; or if you believe, from a preponderance of the evidence, that the steps upon the rear end of the car, leading up to the platform upon which the plaintiff was standing, was out of repair, as alleged by the plaintiff, and that the same was negligence, as heretofore defined, and that the plaintiff was injured, and said injuries, if any, resulted from the negligence of the defendant in either of the respects hereinbefore submitted you in this paragraph of this charge, you will find a verdict in favor of the plaintiff, unless you find for the defendant under some one or all of the issues hereinafter submitted to you." It is insisted that this charge requires of plaintiff a greater degree of care than required by law, in that if plaintiff knew the condition of the track, being a youth of tender years, and he further knew that the track was faulty and defective, the law only required of him such care

as a person of ordinary prudence of his tender years would have exercised under the same or similar circumstances; whereas the charge in question required the jury to believe the plaintiff knew nothing of the condition of the track or its defective condition before the said accident, and, unless they did so believe, the said defendant was due the plaintiff no consideration whatever.

The charge followed the plaintiff's pleading. The petition alleged that the plaintiff did not know at the time he boarded the train, nor while he was on the platform of the car, of the condition of the track; that defendant did know it, and that a step on the rear end of the car upon which plaintiff was standing was defective. The charge authorized a recovery for plaintiff if the jury found he was a youth of tender years and did not know of the condition of the track, and the conductor did know its condition, and that the track was defective, and failed to notify plaintiff of the danger of riding in the position he occupied, and such failure was negligence, or if the step on the car was out of repair, and this was negligence, and the injury to plaintiff resulted from the negligence of defendant in either of these respects, to find for plaintiff. In another paragraph of the charge the jury were instructed, in substance, that, in determining whether or not appellant was guilty of negligence, they would look to all the evidence, considering the age and discretion of the appellant, his ability to judge of the hazard of attempting to ride upon the platform, and that if, under all the circumstances, he had not exercised such discretion and prudence as a similar person would have exercised under the same circumstances, then to find for the defendant. They were further charged: "The law does not fix any precise time or age at which any person is exempt from that degree of care and judgment which the law expects from persons of ordinary care and prudence, but the law leaves the question open for the decision of the jury under all the facts of the particular case, looking to the age of plaintiff, his intelligence or lack of intelligence, and information, and opportunity to judge of the hazard and danger of the particular act which is the basis of the complaint of negligence." Considering the charge as a whole, in our opinion, it did not place upon plaintiff a greater burden than required by law.

The fourth special charge, given at the request of defendant, is assailed as error. The charge reads: "In this case the plaintiff is required to prove, by a preponderance of the evidence, that he was not a person of sufficient intelligence to understand the nature or danger of his acts or conduct, before he can be excused from the consequences of such acts." The petition alleged that plaintiff was a youth of tender years when injured, and did not know the condition of the track, and the conductor did know it, and that it was faultily constructed. The defendant plead contributory negligence on the part of the plaintiff, and that he jumped from the train while the same was in motion and not at a station. It was shown that plaintiff was fifteen years of age when injured. The court was not authorized to assume that a boy of the age of plaintiff was too young to not be guilty of contributory negligence. The law, as stated by the charge, does not fix

any particular age at which a person is exempt from the degree of care required of an adult, but it becomes a question of fact for the determination of the jury. The defendant alleged that plaintiff was guilty of contributory negligence in riding upon a part of the car not provided for passengers. The appellant had plead that he was a youth of tender years, and did not know of the danger attending the position which he occupied. He alleged that he was riding upon the platform, but did not know of the danger. The law presumes that an infant fifteen years of age has sufficient intelligence and discretion to be sensible of the danger of riding upon the platform of a car, and the burden was upon plaintiff to show that he was lacking in such discretion and intelligence. 1 Thomp. Neg., secs. 311-312, and note 111; Nagle v. Allegheny, 88 Pa. St., 35; San Antonio Water Works v. White, 44 S. W. Rep., 181. The charge was correct.

Complaint is made of the court's action in giving, at the request of defendant, special charge No. 8, as follows: "You are charged, as the law in this case, that if the plaintiff had intelligence enough to know and understand that it was more dangerous to ride on the platform or on the steps of the coach than it was to ride on the inside thereof, then you are instructed that no duty would devolve upon the defendant to prevent him from riding on the platform or steps of the coach." It is contended that this charge imposed a greater burden upon plaintiff than the law requires. The plaintiff alleged that he was standing on the platform of the coach, but did not know it was dangerous, and the conductor knew of the danger and failed to warn him. The defendant denied the allegation, and alleged that he did know of the danger and of the rule forbidding him to ride there. This raised an issue which the court submitted in the special charge. There was no error in giving the charge.

It is contended that the court erred in giving a special charge requested by the defendant, reading: "If you believe from the evidence that the plaintiff was riding on the rear platform, and on one of the steps of the coach, and you further believe from the evidence that the step was defective, and that by reason of the condition of the roadbed and track the coach swayed and rocked; and further believe from the evidence that plaintiff, by virtue of the swaying and rocking of the coach and the defective step, was thrown from the same and injured; yet if you further believe from the evidence that he knew the step was defective, and knew the coach was swaying and rocking from side to side, he would be held to have assumed the risks arising therefrom, and could not recover, unless he was so lacking in intelligence and discretion as not to be able to understand the danger incident to his ·position." The contention being that this charge imposed a greater burden on plaintiff than required by law, the proposition fails to state wherein the charge imposes a greater burden on appellant than the law requires. The issue having been made by the pleadings and the evidence as to whether appellant had sufficient intelligence and discretion to understand the dangers incident to riding on the platform, and on one of the steps of the coach, and as to whether he knew the condition of the step and roadbed, it was proper for the court to tell the jury that if he did know of such conditions he would

assume the risk arising from his conduct, unless he lacked sufficient intelligence to appreciate the danger incident thereto.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.